(October 22, 1924.)

E. B. MARSHALL, Doing Business Under the Firm Name and Style of WILBUR STOCK FOOD COMPANY, Appellant, v. A. P. ENNS, Respondent, and PETER D. ENNS, Defendant.

[230 Pac. 46.]

NONAPPEALABLE ORDER—ORDER IN EFFECT FINAL JUDGMENT—PLEADING CONDITIONAL CONTRACT OF GUARANTY—DUTY OF CREDITOR GUARANTEED.

1. An order sustaining objection to introduction of evidence is not appealable under C. S., sec. 7152.

2. An order dismissing an action is in effect a final judgment and appealable under C. S., sec. 7152.

3. Where a contract of guaranty provides that the guarantor shall not become liable until reasonable effort shall have been made to collect from the principal, *held* that such guaranty is conditional and not absolute.

4. Where in a suit to enforce a conditional guaranty reasonable effort to collect from the principal is not alleged, *held* such a complaint does not state a cause of action.

APPEAL from the District Court of the Sixth Judicial District, for Bingham County. Hon. Ralph W. Adair, Judge.

Action upon contract. Appeal from order of dismissal. *Affirmed.*

A. S. Dickinson, for Appellant, files no brief.

Whitcomb, Cowen & Clark, for Respondent.

It will appear from a reading of the contract that this is a conditional guaranty as distinguished from an absolute guaranty. (28 C. J., pp. 895, 896; 12 R. C. L. 1064; *Pierce v. Merrill,* 128 Cal. 464, 79 Am. St. 56, 61 Pac. 64; *Cowles v. Pick,* 55 Conn. 251, 3 Am. St. 44, 10 Atl. 569; *Craig v. Parkis,* 40 N. Y. 181, 100 Am. Dec. 469; *Miller v. Northern Brewery Co.,* 242 Fed. 164; *Williams Valve Co. v. Amorous,*

19 Ga. App. 155, 91 S. E. 241; *Yager v. Kentucky Title Co.*, 112 Ky. 932, 66 S. W. 1027; notes, 64 Am. St. 393; 105 Am. St. 522; Brandt on Suretyship, 3d ed., pp. 241, 244, secs. 110, 111; 13 Cal. Juris., p. 93, sec. 9; *Ohio Elec. Car Co. v. Le Sage,* 182 Cal. 450, 88 Pac. 982.)

As the obligation rested upon the plaintiff to make a reasonable effort to collect the amount due from its agent Carpenter, before resort could be had to the guarantor's liability, it was incumbent upon the plaintiff to plead these conditions precedent to its right to bring the action against the guarantors. (12 R. C. L., p. 1095, sec. 49; *Clay v. Edgerton,* 19 Ohio St. 549, 2 Am. Rep. 422; *Lent v. Padelford,* 10 Mass. 230, 6 Am. Dec. 119; 28 C. J. 968, 969, 1013; 4 Ency. Pl. & Pr. 627; 13 Cal. Juris., p. 126, sec. 34.)

The contract was a guaranty of collection only, and the guarantors were not liable until a reasonable effort had been made to collect from the agent. This requires diligence on the part of the plaintiff, and usually a resort to the ordinary course of the law as against the agent. (See note, 64 Am. St. 393, together with the cases cited on pp. 394–398.)

A guarantor of the collection of a debt is discharged from all liability by the failure of the party guaranteed or holder of the guaranty to prosecute the principal or debtor with reasonable diligence after maturity of the debt and a failure to pay. (28 C. J. 974; 12 R. C. L. 1090; 1 Brandt on Suretyship and Guaranty, 3d ed., p. 253, sec. 114.)

T. BAILEY LEE, Commissioner.—The appellant states in his notice of appeal that he appeals "from the whole of that certain order made and entered in said action . . . . sustaining the objection of the defendant, A. P. Enns, to the introduction of any testimony under the complaint in said action, and from the further order of said above entitled court dismissing said action with prejudice as to the defendant, A. P. Enns, and from the whole thereof . . . . "

The "orders" in question incorporated in one instrument were as follows:

"Order of Dismissal. The above entitled cause came regularly on for trial on March Second, 1923, same being a regular judicial day of the February, 1923, Term of the above entitled court, and the plaintiff appeared by his counsel, A. S. Dickinson, Esq., and announced ready for trial and the defendant, A. P. Enns, appeared by his counsel Messrs. Whitcomb, Cowen and Clark, and T. S. Becker, Esq., and objected to the introduction of any evidence . . . . upon the ground and for the reason that said complaint failed to state a cause of action as to said defendant, and after argument of counsel for the respective parties, and being fully advised in the premises, the Court is of the opinion that said objection is well taken and the same is hereby sustained.

"It is further ordered that said action be, and the same is hereby dismissed, as to the defendant, A. P. Enns, without leave to amend, to which ruling of the Court the plaintiff then and there in open court duly excepted.

"Dated at Blackfoot, Idaho, this the second day of March, 1923.

                    "RALPH W. ADAIR,
                         "District Judge."

It will be observed from an inspection of C. S., sec. 7152, that an order sustaining an objection to the introduction of evidence is not appealable. But a formal order dismissing an action is in effect a final judgment as contemplated by the statute, and will be so considered, notwithstanding its designation. (2 Hayne on New Trial and Appeal, sec. 184; 1 Black on Judgments, 2d ed., secs. 21, 26, 27; *Zoller v. McDonald,* 23 Cal. 136. In the last cited case the court said: "The order of the County Court dismissing the appeal is the final decision and determination of that Court upon the case before it, which puts an end to the suit; and is, therefore, to all intents and purposes, a judgment, subject to the revision of this Court. It matters not in what form the determination of the suit is put, so that it embodies the final action of the Court, it is sufficient.

The order in question is certainly in its nature and essence a final judgment in that it "finally and entirely disposes of the whole case." (*Marks v. Keenan*, 140 Cal. 34, 73 Pac. 751.) The appellant has filed no brief or specification of errors. There is no bill of exceptions or reporter's transcript; and an investigation of the judgment complained of must be confined to an examination of the judgment-roll. It appears from the judgment or order so called that respondent's objection to the introduction of any evidence under the complaint was sustained, that no leave to amend was given, and that plaintiff excepted. It does not appear that plaintiff ever asked leave to amend, and this court will not presume it for him. Nor will it presume that the ruling of the trial court forestalled such request. There is nothing to show the ground upon which the action was dismissed. However, if the record discloses any sound reason, the judgment should be sustained. The facts of the case seem to be these. On April 7, 1915, respondent Enns entered into a written contract with plaintiff and appellant whereby he guaranteed plaintiff payment for certain goods to be purchased by one Carpenter, designated a salesman. The guaranty having been accepted, plaintiff furnished Carpenter merchandise at various times until March 8, 1917, at which time there was a balance due on account in the sum of $787.33. Carpenter died some time in August, 1917, with the indebtedness still unpaid and plaintiff brought this suit to recover upon the contract of guaranty. The contract included the following proviso:

"It is also understood that the undersigned sureties will not be called upon to make good any indebtedness which may be incurred by the salesman under this contract, except only in case that the salesman fails to pay such indebtedness after a reasonable effort has been made by the Company to collect the same from him."

After setting up the contract and the fact of account unpaid, plaintiff plead that Carpenter "at the time of his death was insolvent and left no estate out of which said amount

could be paid or could be made. And that upon ascertaining the fact of the said Carpenter's death and of his insolvency plaintiff made demand upon the defendants for the payment of said balance . . . . '' There was no allegation whatever of any attempt by plaintiff to collect from Carpenter prior to the time of his death, or from his estate thereafter. Respondent claims that the complaint fails to state a cause of action under the terms of the contract or in consonance with the law of guaranty since the contract being one of conditional as distinguished from absolute guaranty it was vitally incumbent upon plaintiff to plead as a condition precedent that he had made a reasonable effort to collect the amount from Carpenter before resorting to the guarantor's liability.

The contract is undoubtedly one of conditional guaranty and respondent's contention must prevail. (4 Ency. Pl. & Pr. 627; 13 Cal. Juris. 126; *Ohio Electric Car Co. v. Le Sage,* 182 Cal. 450, 188 Pac. 982.) Some cases even hold that the creditor guaranteed must plead exhaustion of his remedy against the principal. (*Clay v. Edgington,* 19 Ohio St. 549, 2 Am. Rep. 422; *Lent v. Padelford,* 10 Mass. 230, 6 Am. Dec. 119.) Unless the party guaranteed prosecutes the principal, after maturity and failure to pay, with reasonable diligence, the guarantor's liability is discharged, and the creditor has no cause of action against him. (1 Brandt on Suretyship & Guaranty, 3d ed., sec. 114; note, 64 Am. St. 399.) It might be urged that the failure to plead reasonable effort to collect has been cured by the allegation that the debtor died insolvent and left no estate out of which the debt could be paid or made. This, however, falls far short of excusing the failure to attempt collection. A man may be unable to pay his debts in full, and yet bring joy to his creditors by liquidating at ninety-nine cents on the dollar. So far as the complaint advises, Carpenter may have passed, leaving an altogether incontemptible store of ''siller and gear,'' in the which plaintiff with small diligence might

have shared.    The complaint does not state a cause of action and the judgment of dismissal should be affirmed.

McCarthy, C. J., and Budge, Dunn and Wm. E. Lee, JJ., concur.

PER CURIAM.—The foregoing is hereby adopted as the opinion of the court and the judgment is affirmed.    Costs awarded to respondent.