957 P.2d 351

**Barbara Gail CASTLE, Plaintiff–Appellant,**

v.

**Jess Thomas HAYS, Defendant–Respondent.**

**No. 23531.**

Supreme Court of Idaho,
Twin Falls, March 1998 Term.

April 24, 1998.

Thomsen & Stephens, P.A., Idaho Falls, for appellant. James D. Holman argued.

Benoit, Alexander, Sinclair, Harwood & High, Twin Falls, for respondent. John K. Butler argued.

WALTERS, Justice.

This is an appeal by the plaintiff from an order by the district court dismissing an action to recover damages allegedly resulting from an automobile collision. The dismissal order was based upon a motion by the defendant pursuant to Idaho Rule of Civil Procedure (I.R.C.P.) 4(a)(2) for failure of the plaintiff to effect service of process on the defendant within six months after the lawsuit was filed. We affirm the dismissal, but for a reason other than that relied upon by the district court in granting the defendant's motion. *Andre v. Morrow*, 106 Idaho 455, 459, 680 P.2d 1355, 1359 (1984).

The action was filed on August 23, 1995. The defendant was not served with process nor did he appear in the action. On March 21, 1996, the district court mailed to plaintiff's counsel a notice of proposed dismissal pursuant to I.R.C.P. 40(c).[1] The notice directed counsel to present an affidavit on or before April 7, setting forth facts justifying retention and a timetable for actions necessary to make the case ready for trial; otherwise the case would be dismissed for inactivity. On April 11, pursuant to the notice of March 21, the district court entered an order dismissing the action pursuant to I.R.C.P. 40(c).

Seventy-seven days later, on June 27, plaintiff's counsel filed a motion to reinstate the action. The district court granted the motion and entered an order on July 1, 1996, reinstating the action. The defendant was served with the summons and complaint on July 12, 1996. On July 18, the defendant filed a motion to quash service and to dismiss the action pursuant to I.R.C.P. 4(a)(2) because he had not been served with process

---

1. Idaho Rule of Civil Procedure 40(c) provides:
   In the absence of a showing of good cause for retention, any action, appeal or proceeding, except for guardianships, conservatorships, and probate proceedings, in which no action has been taken or in which the summons has not been issued and served, for a period of six (6) months shall be dismissed. Dismissal pursuant to this rule in the case of appeals shall be with prejudice and as to all other matters such dismissal shall be without prejudice. At least 14 days prior to such dismissal, the clerk shall give notification of the pending dismissal to all attorneys of record, and to any party appearing on that party's own behalf, in the action or proceeding subject to dismissal under this rule.

within six months after the complaint was filed. On November 27, the district court entered its memorandum decision granting the defendant's motion. The dismissal order was entered on December 9, from which the plaintiff timely pursued this appeal.

The plaintiff's argument presented on appeal questions the district court's exercise of discretion in granting the defendant's motion to dismiss under I.R.C.P. 4(a)(2). The plaintiff contends that plaintiff's attempts to negotiate a settlement with the defendant's insurer should have been accepted by the district court as an excusable reason why the defendant was not served with process after the complaint was filed in August, 1995, until July, 1996.

 We do not find it necessary to reach a review of the district court's discretionary decision to dismiss the action. Instead, we hold that the district court did not have authority to reinstate the case after its dismissal in April, 1996, for inaction.

It has long been recognized that a formal order dismissing an action is in effect a final judgment that puts an end to the suit. *Marshall v. Enns,* 39 Idaho 744, 230 P. 46 (1924). Relief from such an order is limited. A party who disagrees with such an order may, within fourteen days, seek reconsideration in the trial court under I.R.C.P. 11(a)(2)(B), or the party may file an appeal within forty-two days to obtain appellate review of the dismissal order as provided in Idaho Appellate Rule 11(a)(1). *See e.g., Donaldson v. Buckner,* 66 Idaho 183, 157 P.2d 84 (1945). As a corollary, a timely motion for reconsideration tolls the time for filing an appeal until an order is entered deciding the motion. I.A.R. 14(a). Here, however, the plaintiff neither filed a motion for reconsideration within fourteen days after the dismissal was entered, nor did the plaintiff file a notice of appeal within forty-two days. The plaintiff instead filed a motion to reinstate the case well after the time had expired for seeking reconsideration or for invoking appellate review.

 The plaintiff argues that because the April 11 dismissal order was without prejudice, by virtue of I.R.C.P. 40(c), it was not a final order as would be an order for dismissal with prejudice. We disagree. Following dismissal of the action, no order remained to be entered by the district court to adjudicate the claims asserted in the complaint. The difference between a dismissal without prejudice and a dismissal with prejudice is that the former permits the plaintiff to refile the complaint as if it had never been filed, while the latter bars the refiling of the dismissed complaint. Here, the dismissal order was not an impediment to refiling the action.

We conclude that the plaintiff's motion to reinstate the action was not timely to allow the district court authority to grant the motion. Because the motion should not have been considered by the district court, the motion should not have been granted and the case should have remained dismissed. The district court's subsequent order dismissing the case in December, 1996, will be affirmed on the ground that the action already had been dismissed on April 11, and was not revived by the motion and order reinstating the action.

Costs to respondent, Hays. No attorney fees are awarded.

TROUT, C.J., and JOHNSON, SILAK and SCHROEDER, JJ., concur.