# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 36568

DANIEL LEE EBY,                                      )
                                                     )          **Boise, January 2010 Term**
    Petitioner-Appellant,                )
                                                     )          **2010 Opinion No. 30**
v.                                                   )
                                                     )          **Filed: March 18, 2010**
STATE OF IDAHO,                                      )
                                                     )          **Stephen Kenyon, Clerk**
    Respondent.                          )

Appeal from the District Court of the First Judicial District of the State of Idaho, Kootenai County.  Hon. John P. Luster, District Judge.

The district court order denying motion to set aside entry of dismissal is <u>vacated</u> and the case is <u>remanded</u> for further proceedings.

Nevin, Benjamin, McKay & Bartlett LLP, Boise, for appellant.  Dennis Benjamin argued.

Hon. Lawrence G. Wasden, Attorney General, Boise, for respondent.  Rebekah Cude argued.

HORTON, Justice

After years of shocking and disgraceful neglect of his case by a series of attorneys appointed to represent Daniel Lee Eby (Eby), his petition for post-conviction relief was dismissed for inactivity pursuant to I.R.C.P. 40(c).  In this appeal, we are asked to decide whether Eby may be entitled to relief from the order of dismissal pursuant to I.R.C.P. 60(b).  We conclude that, in rare instances, such relief may be available under I.R.C.P. 60(b)(6) and we remand this case to the district court for a determination whether Eby is entitled to such relief.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Eby was charged with and convicted of first degree murder, conspiracy to commit robbery, and attempted robbery for events surrounding the death of Mel Evenson. *State v. Eby*, 136 Idaho 534, 536, 37 P.3d 625, 627 (Ct. App. 2001).  On appeal, the Idaho Court of Appeals rejected three of Eby's challenges (regarding suppression of incriminating statements, allowing testimony regarding Eby's confession, and jury instructions) but reversed Eby's conviction for

attempted robbery, holding that the offense merged with the conviction for first degree murder. *Id.* at 540-41, 37 P.3d at 631-32.

On January 24, 2002, Eby, acting pro se, timely filed a petition for post-conviction relief alleging ineffective assistance of counsel and that the prosecution withheld evidence. Eby requested court-appointed counsel. The district court appointed the Kootenai County Public Defender to represent Eby on January 29, 2002. On February 12, 2002, the Office of the Kootenai County Public Defender withdrew and designated Jeffery Smith as Conflict Public Defender. Between February 12 and August 12, 2002, no documents were filed with the court and there is no indication in the record that Mr. Smith conducted any work on the case. On August 12, 2002, the district court issued a notice of proposed dismissal for inactivity under I.R.C.P. 40(c) with a deadline of August 29, 2002. Thereafter, by way of a handwritten notation on the bottom of a copy of the notice of proposed dismissal, dated August 30, 2002, Judge Luster stated "[n]ew representation will be forthcoming on this matter per John Adams. No dismissal."

On October 8, 2002, the Kootenai County Prosecuting Attorney moved for summary dismissal of the petition. On October 23, 2002, Rolf Kehne filed a notice of appearance and on October 25, 2002, a substitution of counsel was filed, naming Mr. Kehne as Eby's attorney. Between that date and June 14, 2005, the date on which the district court entered its order dismissing the petition for inactivity, the district court issued no less than five notices of its intention to dismiss the action for inactivity pursuant to I.R.C.P. 40(c).[1] During this time, Mr. Kehne filed no amendments to Eby's pro se petition nor any response to the state's motion for summary dismissal. The only filings with the district court were four responses to the notices of proposed dismissal and requests for retention. These responses did indicate that Mr. Kehne had conducted a "review, investigation, research and analysis of post-conviction issues" and assured the court that he would file an amended petition. In Mr. Kehne's February 25, 2005 response to the court's February 8, 2005 notice of proposed dismissal, he stated that an "Amended Petition will be filed on or before Friday the 4th of March, 2005, or a sworn declaration explaining why it

---

[1] The district court's notices of intent to dismiss were filed on April 30, 2003, May 27, 2003, December 15, 2003, July 12, 2004, and February 8, 2005.

was not, and giving more detail justifying retention will be filed by that date." Neither a petition nor a sworn declaration were filed prior to the district court's order dismissing the petition.[2]

On August 9, 2005, Eby wrote to the clerk of the district court inquiring as to the status of the case. Although the response to this inquiry is not part of the record, Eby mailed a "Notice of Appeal and Notice for a Re-Hearing on Order of Dismissal/Retention State Post-Conviction" along with a cover letter and certificate of service on August 17, 2005. These submissions were followed by a pro se brief on September 6, 2005. On October 3, 2005, Eby filed a pro se motion for appointment of counsel. On November 17, 2005, the district court entered an order directing that a new attorney be appointed to represent Eby. On March 7, 2006, the Kootenai County Public Defender filed a notice of substitution of counsel, designating Linda Payne as Eby's fourth post-conviction attorney.

Ms. Payne, as of May 24, 2006, was apparently unaware that Eby's case had been dismissed, as she wrote to Eby that "[t]he status of your case is in abeyance." She also wrote that Judge Luster was not "pushing [Eby's] case to hearing" as Judge Luster was "giving [her] time to work on [a different] murder case and yours before he sets a hearing."

On August 22, 2006, Ms. Payne filed an "Amended Petition for Postconviction Relief" which advanced the new claim that Eby's sentences violated his Eighth Amendment rights. This effort to amend the petition prompted an objection from the State, filed on September 1, 2006, which noted that Eby's petition had been previously dismissed. The case then languished until January 31, 2007, when Ms. Payne moved for summary disposition as to the Eighth Amendment claim.

On April 9, 2007, Ms. Payne filed a motion to set aside the order dismissing the petition. On April 17, 2007, the district court held a hearing on the motions to set aside the order of dismissal and for summary disposition. In her oral argument, Ms. Payne first advanced the claim that relief from the Rule 40(c) order was available to Eby under I.R.C.P. 60(b). Applying the holding from this Court's decision in *Castle v. Hays*, 131 Idaho 373, 957 P.2d 351 (1998), the court held that Eby was not entitled to relief under I.R.C.P. 60(b) following a dismissal for inactivity pursuant to I.R.C.P. 40(c). On April 24, 2007, the district court entered its order denying Eby's motion to set aside the order of dismissal.

---

[2] As Eby points out, this Court subsequently suspended Kehne from the practice of law for 90 days and ordered a two-year probationary period thereafter, in part for his misconduct in this case. *Discipline*, Advocate, Aug. 2008, at 9 *available at* http://isb.idaho.gov/pdf/advocate/adv08aug.pdf.

Eby timely appealed.  The Idaho Court of Appeals vacated the district court's order, holding that I.R.C.P. 60(b) applies to dismissals based on I.R.C.P. 40(c).  This Court granted review.

## II. STANDARD OF REVIEW

The interpretation of the Idaho Rules of Civil Procedure is a matter of law over which this Court has free review.  *Canyon County Bd. of Equalization v. Amalgamated Sugar Co.*, 143 Idaho 58, 60, 137 P.3d 445, 447 (2006).  The decision to grant or deny a motion under I.R.C.P. 60(b) is committed to the discretion of the trial court.  *Pullin v. City of Kimberly*, 100 Idaho 34, 36, 592 P.2d 849, 851 (1979).

> A trial court's decision whether to grant relief pursuant to I.R.C.P. 60(b) is reviewed for abuse of discretion.  The decision will be upheld if it appears that the trial court (1) correctly perceived the issue as discretionary, (2) acted within the boundaries of its discretion and consistent with the applicable legal standards, and (3) reached its determination through an exercise of reason.  A determination under Rule 60(b) turns largely on questions of fact to be determined by the trial court. Those factual findings will be upheld unless they are clearly erroneous.  If the trial court applies the facts in a logical manner to the criteria set forth in Rule 60(b), while keeping in mind the policy favoring relief in doubtful cases, the court will be deemed to have acted within its discretion.

*Waller v. State, Dep't of Health and Welfare*, 146 Idaho 234, 237-38, 192 P.3d 1058, 1061-62 (2008) (internal citations omitted).

## III. ANALYSIS

The district court elected to treat Eby's August, 2005 request for rehearing as the pleading upon which its decision was based.  The State has not challenged that decision on appeal.  Thus, if I.R.C.P. 60(b) applies to motions for relief from a dismissal pursuant to I.R.C.P. 40(c), the motion was timely.  We therefore direct our attention to this central question.

**A.     A dismissal for inactivity under I.R.C.P. 40(c) does not preclude relief based on I.R.C.P. 60(b).**

The first question presented to the Court regards the relationship between I.R.C.P. 40(c) and I.R.C.P. 60(b).  Idaho Rule of Civil Procedure 40(c) provides:

> **(c) Dismissal of Inactive Cases.**  In the absence of a showing of good cause for retention, any action, appeal or proceeding, except for guardianships, conservatorships, and probate proceedings, in which no action has been taken or in which the summons has not been issued and served, for a period of six (6) months shall be dismissed.  Dismissal pursuant to this rule in the case of appeals shall be with prejudice and as to all other matters such dismissal shall be without prejudice.   At least 14 days prior to such dismissal, the clerk shall give

notification of the pending dismissal to all attorneys of record, and to any party appearing on that party's own behalf, in the action or proceeding subject to dismissal under this rule.

I.R.C.P. 40(c). Idaho Rule of Civil Procedure 60(b) provides:

**(b) Mistakes, Inadvertence, Excusable Neglect, Newly Discovered Evidence, Fraud, Grounds for Relief From Judgment on Order.** On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than six (6) months after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. Such motion does not require leave from the Supreme Court, or the district court, as the case may be, as though the judgment has been affirmed or settled upon appeal to that court. This rule does not limit the power of a court to: (i) entertain an independent action to relieve a party from a judgment, order or proceeding, or (ii) to set aside, as provided by law, within one (1) year after judgment was entered, a judgment obtained against a party who was not personally served with summons and complaint either in the state of Idaho or in any other jurisdiction, and who has failed to appear in said action, or (iii) to set aside a judgment for fraud upon the court.

I.R.C.P. 60(b).

Eby asks this Court to decide that relief from a Rule 40(c) order of dismissal may be granted pursuant to I.R.C.P. 60(b). As Rule 60(b) pertains to relief from "a final judgment, order, or proceeding" the initial question is whether a Rule 40(c) dismissal fits that description. We find that it does.

This Court previously addressed the matter of relief from a Rule 40(c) dismissal in *Castle v. Hays*, 131 Idaho 373, 957 P.2d 351 (1998). Two passages from *Castle* are particularly relevant. First, the Court made what the district court in this case viewed as a categorical statement with regard to the methods by which relief might be granted:

It has long been recognized that a formal order dismissing an action is in effect a final judgment that puts an end to the suit. *Marshall v. Enns*, 39 Idaho 744, 230 P. 46 (1924). Relief from such an order is limited. A party who disagrees with such an order may, within fourteen days, seek reconsideration in the trial court

under I.R.C.P. 11(a)(2)(B), or the party may file an appeal within forty-two days to obtain appellate review of the dismissal order as provided in Idaho Appellate Rule 11(a)(1). *See e.g.*, *Donaldson v. Buckner*, 66 Idaho 183, 157 P.2d 84 (1945).

*Id.* at 374, 957 P.2d at 352. Second, the Court elaborated on its characterization of an I.R.C.P. 40(c) dismissal as "in effect a final judgment:"

The plaintiff argues that because the April 11 dismissal order was without prejudice, by virtue of I.R.C.P. 40(c), it was not a final order as would be an order for dismissal with prejudice. We disagree. Following dismissal of the action, no order remained to be entered by the district court to adjudicate the claims asserted in the complaint.

*Id.*

The district court's comments reflected its belief that it was constrained by this language and ruled that an I.R.C.P. 60(b) motion such as Eby's did not apply to a dismissal under I.R.C.P. 40(c). However, as Eby points out, if *Castle* is correct in stating that a dismissal under I.R.C.P. 40(c) is "in effect a final decision," the proper route for challenging that decision cannot come through I.R.C.P. 11(a)(2)(B) which, by its terms, applies to interlocutory orders. While the district court properly felt constrained by our language in *Castle*,[3] we clarify today that while relief from an order of dismissal under I.R.C.P. 40(c) is limited, those avenues of relief are not confined to the two routes specified in *Castle* and may, under the proper circumstances, include motions made under I.R.C.P. 60(b). We further clarify that as a dismissal under I.R.C.P. 40(c) is "in effect a final judgment," relief is not properly sought using I.R.C.P. 11(a)(2)(B) but, instead, I.R.C.P. 59(e).

The state has argued that because I.R.C.P. 40(c) dismissals are without prejudice, it is sufficiently distinguishable from instances where I.R.C.P. 60(b) would apply. This distinction does not readily explain why a dismissal of a motion under I.R.C.P. 40(c) is appropriately the subject of an appeal and not appropriately the subject of a motion under I.R.C.P. 60(b). *Castle* sheds no light on this question as it was silent as to the reasoning behind the conclusion that a Rule 40(c) dismissal is appealable.

This Court has stated in other circumstances that appeals are appropriate where the matter under determination "is definite and concrete, presents a real and substantial controversy and has a present need for adjudication." *Hayden Lake Fire Prot. Dist. v. Alcorn*, 141 Idaho 307, 315,

---

[3] The district court's application of this Court's statement in *Castle* was entirely appropriate. The trial courts of Idaho are bound by the rules of law announced by this state's appellate courts. *State v. Guzman*, 122 Idaho 981, 986, 842 P.2d 660, 665 (1992).

109 P.3d 161, 169 (2005) (citing *Noh v. Cenarrusa*, 137 Idaho 798, 801, 53 P.3d 1217, 1220 (2002)). A dismissal under I.R.C.P. 40(c) effectively ends the claim under consideration and meets the prudential concerns behind requiring a final judgment before appeal. *State ex rel. State Board of Medicine v. Smith*, 80 Idaho 267, 269, 328 P.2d 581, 582 (1958) ("[T]o permit an appeal from all intermediate orders and decisions of the district courts would result in such vexatious and intolerable confusion and delay as to render impossible an orderly and expeditious administration of justice by the courts of the state."). We can discern no principled basis for holding that a decision that is final for purposes of an appeal is not sufficiently final as to be ineligible for relief under I.R.C.P. 60(b).

**B.     Under the facts presented, Eby may be entitled to relief under I.R.C.P. 60(b)(6).**

Having concluded that relief from a dismissal under I.R.C.P. 40(c) may be sought under I.R.C.P. 60(b), there are two corollary questions for the Court to address in order to determine whether the district court's decision should be vacated. First, is neglect by post-conviction relief counsel grounds upon which relief under I.R.C.P. 60(b)(6) may be granted? Second, did the district court's denial of Eby's motion constitute an abuse of discretion?

Eby argues that both I.R.C.P. 60(b)(1), granting relief on the basis of "mistake, inadvertence, surprise, or excusable neglect," and I.R.C.P. 60(b)(6), applicable to "any other reason justifying relief from the operation of the judgment" may be grounds for relief from the order of dismissal. However, I.R.C.P. "60(b)(1) and 60(b)(6) are mutually exclusive provisions, such that a ground for relief asserted, falling fairly under 60(b)(1), cannot be granted under 60(b)(6)." *Pullin v. City of Kimberly*, 100 Idaho 34, 37 n.2, 592 P.2d 849, 852, n.2 (1979) (citation omitted). "[A]lthough the court is vested with broad discretion in determining whether to grant or deny a Rule 60(b) motion, its discretion is limited and may be granted only on a showing of 'unique and compelling circumstances' justifying relief." *Miller v. Haller*, 129 Idaho 345, 349, 924 P.2d 607, 611 (1996) (quoting *Matter of Estate of Bagley*, 117 Idaho 1091, 1093, 793 P.2d 1263, 1265 (Ct. App. 1990)).

Our decision today is limited in scope, and has potential application only to post-conviction relief proceedings, rather than all civil cases. Generally, parties are bound by the actions (and failures to act) of their attorneys. The rationale for this rule has been explained by the U.S. Supreme Court:

> There is certainly no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the

> client. Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have notice of all facts, notice of which can be charged upon the attorney.

*Link v. Wabash R.R.*, 370 U.S. 626, 633-34 (1962) (internal quotations omitted) (quoted in *Henney v. Henney*, 100 Idaho 739, 740, 605 P.2d 503, 504 (1979)). Individuals are generally bound by their attorneys' actions and when that representation falls below professional standards, the usual course of action is not to vacate the judgment under I.R.C.P. 60(b), but to allow a malpractice suit against the attorney. *Carroll v. Abbott Labs., Inc.*, 654 P.2d 775, 777-78 (Cal. 1982).

Eby argues that being prevented a meaningful opportunity to present his claim through the inaction of his state-provided attorney would be a denial of his due process rights and would constitute grounds for relief from judgment based on I.R.C.P. 60(b)(6). We have recognized that "[t]here is no constitutional right to an attorney in state post-conviction proceedings. Consequently, a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings." *Lee v. State*, 122 Idaho 196, 199, 832 P.2d 1131, 1134 (1992) (quoting *Coleman v. Thompson*, 501 U.S. 722, 752 (1991)).

We recognize and reiterate today that there is no right to effective assistance of counsel in post-conviction cases. We likewise recognize that "this Court has infrequently found reason to grant relief under I.R.C.P. 60(b)(6)." *Berg v. Kendall*, 147 Idaho 571, 576 n.7, 212 P.3d 1001, 1006 n.7 (2009). However, we are also cognizant that the Uniform Post-Conviction Procedure Act is "the exclusive means for challenging the validity of a conviction or sentence" other than by direct appeal. *Rhoades v. State*, 148 Idaho 215, 217, 220 P.3d 571, 573 (2009) (quoting *Hays v. State*, 132 Idaho 516, 519, 975 P.2d 1181, 1184 (Ct. App. 1999)). Given the unique status of a post-conviction proceeding, and given the complete absence of meaningful representation in the only available proceeding for Eby to advance constitutional challenges to his conviction and sentence, we conclude that this case may present the "unique and compelling circumstances" in which I.R.C.P. 60(b)(6) relief may well be warranted.

As this is a matter of discretion for the trial court, we vacate and remand to the trial court rather than reversing. "This Court has held that when the discretion exercised by a trial court is affected by an error of law, our role is to note the error made and remand the case for appropriate

findings." *Gem State Ins. Co. v. Hutchison*, 145 Idaho 10, 15-16, 175 P.3d 172, 177-78 (2007) (citing *Miller v. Haller,* 129 Idaho at 351, 924 P.2d at 613). In this case, unless there is an alternative ground for upholding the district court's decision, this matter must be remanded to the district court for that court to exercise its discretion in determining whether Eby is entitled to relief.

The State argues that the district court made such an alternative ruling. The State directs this Court to the following statement from the district court:

> I don't know that the Court . . . really is in a position to consider the application, but really if you go through several factors under which relief can be sought under Rule 60b, I don't think that the Court has really received any satisfactory showing under rule 60(b) here to justify setting aside the Order of Dismissal.

We do not agree that this statement reflects an alternative ruling which may be upheld on appeal. While this Court defers to the trial court's determinations regarding I.R.C.P. 60(b), it does review those determinations for abuse of discretion. In this process, we consider whether the trial court "correctly perceived the issue as discretionary," whether the district court acted "consistent with the applicable legal standards" and "whether the trial court reached its determination through an exercise of reason." *Zimmerman v. Volkswagen of Am., Inc.*, 128 Idaho 851, 857, 920 P.2d 67, 73 (1996).

Although the district court clearly reached its decision by the exercise of reason, we are not persuaded either that the district court recognized that it had discretion to grant Eby relief or that the decision was consistent with applicable legal standards. The prefatory language used by the district court was consistent with its earlier statements indicating its belief that it was bound by the rule articulated in *Castle* and that, as a matter of law, Eby was not entitled to relief under I.R.C.P. 60(b). Indeed, at one point, Judge Luster stated: "I can certainly pass on Mr. Kehne's representation here, that certainly may have been deficient and untimely, but I don't think that sympathy for Mr. Eby's plight trumps the [*Castle*] case holding or application under the Rules of Civil Procedure in this case." To the extent that the single sentence upon which the State relies may be interpreted as a holding by the district court that counsel's neglect of Eby's case was not — as a matter of law — grounds for relief under I.R.C.P. 60(b)(6), this decision was inconsistent with the applicable legal standards.

We therefore remand this case to the district court for consideration of whether the facts presented by Eby constitute grounds for relief under I.R.C.P. 60(b)(6).

**C.     As the decision to appoint counsel for indigent post-conviction petitioners is committed to the discretion of the trial court, we decline to order the district court to appoint new counsel on remand.**

Eby requests that the Court "order that the District Court appoint new competent counsel to represent him." Idaho Code § 19-4904 does authorize the appointment of counsel for indigent post-conviction petitioners. However, the decision to appoint counsel is left to the discretion of the trial court. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004). The same is true for the substitution of appointed counsel. I.C. § 19-856 ("At any stage, including appeal or other post-conviction proceeding, the court concerned *may for good cause* assign a substitute attorney.") (emphasis added). As Eby has not argued that the district court has in any way abused its discretion as regards appointment or substitution of counsel, it would be improper for this Court to assume that role. Eby's request is denied.

### IV. CONCLUSION

We find that I.R.C.P. 60(b) applies to actions dismissed under I.R.C.P. 40(c). We further find that the extraordinary facts presented in this case may qualify Eby for relief under I.R.C.P. 60(b)(6). Accordingly, we vacate the district court's order and remand for further proceedings. We deny Eby's request to order the district court to appoint new counsel upon remand.

Chief Justice EISMANN and Justice BURDICK, J. JONES and W. JONES **CONCUR**.