IN THE COURT OF APPEALS OF THE STATE OF IDAHO

Docket No. 44229

| JEREMY J. COOK, | ) | 2017 Unpublished Opinion No. 496 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: June 22, 2017 |
| | ) | |
| v. | ) | Karel A. Lehrman, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Christopher S. Nye, District Judge.

Order denying motion for reconsideration, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kale D. Gans, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Judge

Jeremy J. Cook appeals from an order denying his motion for reconsideration of the summary dismissal of his petition for post-conviction relief. For the reasons set forth below, we affirm.

Cook pled guilty to felony driving under the influence (DUI). I.C. §§ 18-8004, 18-5005. In an unpublished decision, this Court affirmed Cook's judgment of conviction. *State v. Cook*, Docket No. 43258 (Ct. App. Feb. 3, 2016). Cook filed a pro se petition for post-conviction relief alleging ineffective assistance of trial counsel. The district court appointed post-conviction counsel. The State filed an answer and motion for summary dismissal arguing that Cook failed to raise a genuine issue of material fact showing either deficient performance or prejudice. The district court issued a notice of intent to dismiss explaining the deficiencies in Cook's petition.

1

Cook's post-conviction counsel moved to withdraw and conflict counsel was appointed. The district court granted conflict counsel additional time to respond to the pending motion for summary dismissal and notice of intent to dismiss. Conflict counsel filed a motion for additional time, claiming there were several affidavits that conflict counsel needed to gather from Cook. The motion was granted, but conflict counsel failed to submit any affidavits or other documentation. At a status conference, conflict counsel explained that he did not file the affidavits Cook gathered because they contained hearsay. The district court summarily dismissed Cook's petition for post-conviction relief.

Cook filed a pro se motion for reconsideration alleging that conflict counsel lied to the district court and did not provide any representation to Cook. The district court did not rule on the motion and substitute counsel appeared for Cook. Cook, through substitute counsel, filed another motion for reconsideration alleging ineffective assistance of conflict counsel in the post-conviction case. Specifically, Cook argued that conflict counsel was ineffective for failing to file any documentation in response to the motion for summary dismissal and notice of intent to dismiss. Cook also argued that conflict counsel was ineffective for failing to interview witnesses or submit the affidavits that Cook gathered. At a hearing on the motion to reconsider, Cook argued that he should have the opportunity to present recently identified facts that would undermine his conviction. The district court ruled that Cook's motion for reconsideration was a motion to amend the pleadings under I.R.C.P. 59(e) and denied the motion because there were no legal or factual errors surrounding dismissal of Cook's petition for post-conviction relief. Cook appeals.

On appeal, Cook argues that the district court erred by analyzing Cook's motion for reconsideration under I.R.C.P. 59(e), rather than I.R.C.P. 60(b).[1] Specifically, Cook contends that, because the motion for reconsideration filed through substitute counsel was filed later than fourteen days from the entry of judgment, the motion could not be brought under I.R.C.P. 59(e). The State argues that the district court did not err by denying Cook's motion for reconsideration regardless of whether the motion was brought pursuant to I.R.C.P. 59(e) or I.R.C.P. 60(b). Assuming *arguendo* that Cook's motion for reconsideration should have been analyzed pursuant

[1] Cook's general argument for application of I.R.C.P. 60(b) actually is based on I.R.C.P. 60 (b)(6).

to I.R.C.P. 60(b), Cook fails to establish how the district court abused its discretion in denying the motion.

Idaho Rule of Civil Procedure 60(b) gives the district court authority to grant relief from a judgment in limited circumstances where relief is justified. A trial court enjoys broad discretion in deciding whether to grant relief pursuant to I.R.C.P. 60(b). Cook argues that his claims have merit when analyzed under I.R.C.P. 60(b) because conflict counsel failed to file any response to the pending motion for summary dismissal and failed to file a motion for reconsideration. A post-conviction petitioner is not entitled to the effective assistance of post-conviction counsel and cannot claim constitutionally ineffective assistance of counsel in such proceedings. *Murphy v. State*, 156 Idaho 389, 394, 327 P.3d 365, 370 (2014). Cook cites to *Eby v. State*, 148 Idaho 731, 737, 228 P.3d 998, 1004 (2010) to support the proposition that I.R.C.P. 60(b) relief may be warranted where post-conviction counsel renders ineffective assistance.

In *Eby*, the petitioner's case received shocking and disgraceful neglect by a series of attorneys appointed to represent him. The petitioner's third appointed attorney filed a motion pursuant to I.R.C.P. 60(b) to set aside a previous dismissal for inactivity. On appeal, the Idaho Supreme Court noted that a petitioner could not claim ineffective assistance of counsel in a post-conviction proceeding because there is no constitutional right to counsel in such proceedings. *Eby*, 148 Idaho at 737, 228 P.3d at 1004. However, the Court recognized that the Uniform Post-Conviction Procedure Act is the exclusive means for challenging the validity of a conviction or sentence other than by direct appeal. *Id.* As a result, the Court concluded that, given the unique status of a post-conviction proceeding and the complete absence of meaningful representation, the case possibly presented the unique and compelling circumstances in which I.R.C.P. 60(b)(6) relief was potentially warranted. *Eby*, 148 Idaho at 737, 228 P.3d at 1004. The Court then vacated and remanded the case to the trial court to use its discretion to determine if Eby should be granted relief under I.R.C.P. 60(b)(6). *Eby*, 148 Idaho at 737, 228 P.3d at 1004.

We do not read *Eby* to open the door to challenge the effectiveness of post-conviction counsel by way of an I.R.C.P. 60(b) motion. In *Eby*, the case was dismissed for inactivity after over four years and several attorneys who did nothing but attempt to forestall such dismissal. Only after the petition was dismissed did another attorney make any attempt to advance a claim.

The Supreme Court's reference to the complete absence of meaningful representation reflected these unique and compelling circumstances. *Eby*, 148 Idaho at 737, 228 P.3d at 1004.[2]

Unlike the petitioner in *Eby*, Cook did not experience a complete absence of meaningful representation. Conflict counsel met with Cook and reviewed the affidavits Cook gathered. At the hearing on the motion for reconsideration, conflict counsel explained to the district court that no additional information would be filed because the affidavits would be inadmissible evidence. Cook's dissatisfaction with conflict counsel's decision to not file affidavits containing hearsay does not constitute the unique and compelling circumstances required before a court may grant relief under I.R.C.P. 60(b). Likewise, conflict counsel's decision to not file a motion for reconsideration did not deprive Cook of meaningful representation. Cook waived all nonjurisdictional defects in his case when he pled guilty and is barred from asserting his underlying claims that more evidence should have been presented to undermine his conviction. Thus, the district court did not err in denying Cook's motion for reconsideration, even if the motion is analyzed under I.R.C.P. 60(b). Accordingly, the order denying Cook's motion for reconsideration is affirmed.

Chief Judge GRATTON and Judge GUTIERREZ, **CONCUR**.

---

[2]    We hasten to add that, although a post-conviction petitioner does not have a constitutional right to the effective assistance of post-conviction counsel, post-conviction counsel is not relieved of his or her obligations in representing a client.

4