**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 45166**

| | |
|---|---|
| ROBROY WALL, JR., | ) |
| | ) **Filed: June 12, 2018** |
| Petitioner-Appellant, | ) |
| | ) **Karel A. Lehrman, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| STATE OF IDAHO, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Respondent. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Lynn G. Norton, District Judge.

Order denying motion for relief from post-conviction judgment, <u>affirmed</u>.

Robroy Wall, Jr., Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

---

GRATTON, Chief Judge

Robroy Wall, Jr., appeals from the district court's order denying his motion for relief from post-conviction judgment pursuant to Idaho Rule of Civil Procedure 60(b)(6).

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Wall was found guilty by a jury of first degree murder with a sentence enhancement for use of a deadly weapon. The court imposed a life sentence with twenty-five years determinate. Wall filed an Idaho Criminal Rule 35 motion for a reduction of sentence, which was denied. He then filed a direct appeal, and this Court affirmed his judgment of conviction and sentence. *State v. Wall*, 149 Idaho 548, 553, 237 P.3d 17, 23 (Ct. App. 2010).

On April 8, 2011, Wall filed a petition for post-conviction relief and a motion for appointment of counsel. The district court granted his motion for counsel. On May 5, 2011, the State filed an answer to Wall's petition for post-conviction relief. On May 16, 2011, the court issued a notice of intent to dismiss the petition which was served on Wall's counsel on May 17,

2011. Wall's counsel filed a motion for an extension of time to respond to the notice of intent to dismiss, which was granted; however, no response was filed. On November 4, 2011, the district court issued an order dismissing the petition for post-conviction relief, which was served on Wall's counsel and mailed to Wall that same day.

On June 29, 2016, Wall filed a notice of appeal and a notice for rehearing on the order of dismissal of his petition for post-conviction relief. Wall indicated that his post-conviction counsel continued to visit him during his incarceration and take his calls until the middle of 2014, and counsel had misled Wall regarding representation and the filings in his post-conviction case. The Idaho Supreme Court issued a remittitur based on its order dismissing the appeal as untimely. Wall also filed a motion for appointment of counsel in this underlying case, which was granted.

On November 29, 2016, Wall filed an I.R.C.P. 60(b) motion seeking relief from the November 4, 2011, order summarily dismissing his post-conviction petition. The State filed a response, and the district court conducted a hearing on the motion. The district court denied the motion for being untimely and failing on the merits. Wall timely appeals from the court's order denying his I.R.C.P. 60(b) motion. The Idaho Supreme Court granted appointed counsel's motion to withdraw pursuant to Wall's request to proceed in a pro se capacity.

## II.

## ANALYSIS

Wall argues that the district court abused its discretion in denying his I.R.C.P. 60(b)(6) motion. Idaho Rule of Civil Procedure 60(b) gives trial courts authority to grant relief from a judgment in limited circumstances; the rule provides in relevant part, "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons . . . (6) any other reason that justifies relief." Trial courts have broad discretion when deciding whether to grant relief pursuant to I.R.C.P. 60(b).

> A trial court's decision whether to grant relief pursuant to I.R.C.P. 60(b) is reviewed for abuse of discretion. The decision will be upheld if it appears that the trial court (1) correctly perceived the issue as discretionary, (2) acted within the boundaries of its discretion and consistent with the applicable legal standards, and (3) reached its determination through an exercise of reason. A determination under Rule 60(b) turns largely on questions of fact to be determined by the trial court. Those factual findings will be upheld unless they are clearly erroneous. If the trial court applies the facts in a logical manner to the criteria set forth in

2

Rule 60(b), while keeping in mind the policy favoring relief in doubtful cases, the court will be deemed to have acted within its discretion.

*Eby v. State*, 148 Idaho 731, 734, 228 P.3d 998, 1001 (2010).

A motion under I.R.C.P. 60(b) "must be made within a reasonable time . . . ." I.R.C.P. 60(c)(1). Wall acknowledges he was served a copy of the order dismissing his petition for post-conviction relief in November 2011. He did not file a notice of appeal or a notice for rehearing on the order of dismissal until five years later in June 2016. Wall's I.R.C.P. 60(b) motion is untimely. Even accepting his statement that his post-conviction counsel misled Wall regarding representation and the filings in his post-conviction case during their intermittent communications until the middle of 2014, there was still a two-year delay until he filed his I.R.C.P. 60(b) motion. Wall does not make a sufficient showing that these delays were reasonable. The district court acted within its discretion in finding the I.R.C.P. 60(b) motion was time-barred given the five-year delay from Wall's receipt of the dismissal and two-year delay after his counsel stopped visiting or taking his calls. Thus, the district court's denial of his motion is affirmed on this basis.

Alternatively, we find the district court did not abuse its discretion in denying Wall's I.R.C.P. 60(b) motion on the merits. On appeal Wall cites to *Eby*, in which the Idaho Supreme Court found the petitioner's case received "shocking and disgraceful neglect" by a series of attorneys appointed to represent Eby. *Eby*, 148 Idaho at 732, 228 P.3d at 999. In that case, the Court concluded that there was a complete absence of meaningful representation. and the case presented the "unique and compelling circumstances" in which I.R.C.P. 60(b)(6) relief was warranted. *Eby*, 148 Idaho at 737, 228 P.3d at 1004. Wall's reliance on *Eby* is unavailing. A party seeking relief from a judgment must meet the requirements of I.R.C.P. 60(b) and "show, plead or present evidence of facts which, if established, would constitute a meritorious defense to the action." *Ponderosa Paint Mfg., Inc. v. Yack*, 125 Idaho 310, 317, 870 P.2d 663, 670 (Ct. App. 1994). The district court found Wall failed to plead or present evidence with his motion for relief from judgment of facts which, if established, would constitute a meritorious defense to the dismissal of his post-conviction petition. We agree. Wall's allegations regarding counsel's failure to respond to the notice of intent to dismiss and misleading communications do not rise to the level of unique and compelling circumstances found in *Eby*. Unlike the petitioner in *Eby*, Wall did not experience a "complete absence of meaningful representation." *Eby*, 148 Idaho at 737, 228 P.3d at 1004. The district court did not err in denying Wall's I.R.C.P. 60(b) motion.

### III.

### CONCLUSION

Wall failed to demonstrate that the district court abused its discretion in denying his I.R.C.P. 60(b) motion. The district court's order denying the motion for relief from post-conviction judgment is affirmed.

Judge GUTIERREZ and Judge WALTERS PRO TEM **CONCUR**.