# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 47817

| | |
|---|---|
| MARTIN H. BETTWIESER, | ) |
| | )    Filed: August 13, 2021 |
|      Plaintiff-Appellant, | ) |
| | )    Melanie Gagnepain, Clerk |
| v. | ) |
| | )    THIS IS AN UNPUBLISHED |
| CAROLE A. BETTWIESER, | )    OPINION AND SHALL NOT |
| | )    BE CITED AS AUTHORITY |
|      Defendant-Respondent. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Nancy Baskin, District Judge.

Judgment dismissing complaint without prejudice, <u>affirmed</u>.

Martin Bettwieser, Boise, pro se appellant.

K. Mitchell Law, PLLC; Katelynn Mitchell, Boise, for respondent.

_____

HUSKEY, Chief Judge

Martin H. Bettwieser appeals from the district court's judgment dismissing his complaint without prejudice and award of attorney fees and costs. Bettwieser alleges that the district court abused its discretion in dismissing his complaint without prejudice, was biased against him during the proceedings, and abused its discretion in its decision to award attorney fees and costs. Because Bettwieser did not establish that he timely appealed from the judgment dismissing his complaint or that the district court erred in dismissing his November 14, 2019, motion for reconsideration, the judgment dismissing his complaint without prejudice is affirmed. We find that Bettwieser pursued this appeal frivolously, unreasonably, and without foundation; accordingly, we grant Carole Bettwieser (Carole) attorney fees and costs on appeal.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

After Bettwieser's wife, Carole, initiated divorce proceedings in a separate proceeding, Bettwieser filed a complaint against her, alleging that she breached three marital contracts

1

formed between the parties. Carole filed a motion to dismiss the complaint and requested attorney fees and costs. The district court held a hearing on Carole's motion to dismiss and found that Bettwieser's complaint failed to state a claim upon which relief could be granted; the court overseeing the divorce proceeding had subject matter jurisdiction over the claims; and, for judicial economy and to avoid inconsistent judgments, Bettwieser's claims should be addressed in the divorce proceeding. Because Carole had initiated the divorce proceeding prior to Bettwieser filing the complaint, the district court found there was good cause to award Carole attorney fees and costs. On June 17, 2019, the district court subsequently entered an order dismissing the complaint.

Bettwieser filed an objection to the order because it did not state that the complaint was dismissed "without prejudice," and the district court accordingly entered an amended order dismissing the complaint without prejudice on July 10, 2019. Bettwieser thereafter filed multiple motions or documents, including an objection to the amended order dismissing the complaint without prejudice because he was not served with the order prior to it being issued; a motion to disqualify the district court with cause, alleging that the court was biased and prejudiced against him because of his pro se status; and a motion for reconsideration of the court's dismissal of his complaint. Carole filed a motion requesting Bettwieser be referred to the administrative district judge for a determination of whether Bettwieser is a vexatious litigant.

The district court held a hearing on the outstanding motions, denied Bettwieser's motions, and found good cause to refer Bettwieser to the administrative judge to determine if Bettwieser should be declared a vexatious litigant. On October 29, 2019, the district court entered a final judgment dismissing the case without prejudice. Bettwieser filed a motion for reconsideration on November 7, 2019, (November 7 motion), which the district court denied one week later, on November 14, 2019. That same day, Bettwieser filed another motion for reconsideration[1] (November 14 motion), which the district court denied on January 17, 2020. On February 19, 2020, Bettwieser appealed.

---

[1]    Assigning the label "motion to reconsider" to the November 7 and November 14 motions is taken from the Case Summary in the Clerk's Record and the district court's references in the underlying case that designate the motions as such. Because the motions are not in the appellate record, it is unclear under which rule of civil procedure the motions were made.

2

## II.

## ANALYSIS

Bettwieser's appellate brief identifies one issue: "Was the district court bias[ed] and erred and abuse[d] it's [sic] discretion in dismissing the complaint and awarding attorney fees?" The failure of an appellant to include an issue in the statement of issues required by Idaho Appellate Rule 35(a)(4) will eliminate consideration of the issue from appeal. *Kugler v. Drown*, 119 Idaho 687, 691, 809 P.2d 1166, 1170 (Ct. App. 1991). This rule may be relaxed, however, where the issue is argued in the briefing and citation to authority is provided. *Everhart v. Washington Cnty. Rd. and Bridge Dep't*, 130 Idaho 273, 274, 939 P.2d 849, 850 (1997).

Taking these principles into account, this Court can identify four claims that Bettwieser raises on appeal: (1) the district court abused its discretion by dismissing his complaint because the complaint concerned an alleged breach of different agreements than those raised in the parallel divorce proceedings; (2) the district court abused its discretion by dismissing his complaint because the court was biased against Bettwieser and his status as a pro se petitioner; (3) the district court abused its discretion by dismissing the complaint without prejudice; and (4) the district court abused its discretion by granting an award of attorney fees and costs against Bettwieser. In response, Carole argues that the district court did not abuse its discretion in dismissing Bettwieser's complaint without prejudice and awarding her attorney fees and costs. Carole requests attorney fees and costs on appeal.

### A.      Bettwieser Did Not Timely Appeal From the October 29, 2019, Judgment

To challenge the district court's underlying interlocutory orders dismissing Bettwieser's complaint and awarding Carole attorney fees on appeal, Bettwieser must have timely appealed from the district court's final judgment entered on October 29, 2019. Idaho Rule of Civil Procedure 11.2(b)[2] provides the mechanism for a party to file a motion for a trial court to reconsider an interlocutory order. Idaho Rule of Civil Procedure 11.2(b) states:

> (1) *In General.* A motion to reconsider any order of the trial court entered before final judgment may be made at any time prior to or within 14 days after the entry of a final judgment. A motion to reconsider an order entered after the entry of final judgment must be made within 14 days after entry of the order.

---

[2]      Idaho Rule of Civil Procedure 11.2 was adopted March 1, 2016, and effective July 1, 2016. The same rule was previously designated as I.R.C.P. 11(a)(2)(B).

3

(2) *Certain Orders Not Subject to Reconsideration.* No motion to reconsider an order of the trial court entered on any motion filed under Rules 50(a), 52(b), 55(c), 59(a), 59(e), 59.1, 60(a), or 60(b) may be made.

Thus, a party may file a timely motion to reconsider an *interlocutory order*: (1) any time before the court enters a final judgment; or (2) within fourteen days after the court enters a final judgment. *Agrisource, Inc. v. Johnson*, 156 Idaho 903, 911, 332 P.3d 815, 823 (2014). A party may not use an I.R.C.P. 11.2(b) motion to challenge a trial court's final judgment. *Agrisource*, 156 Idaho at 913, 332 P.3d at 825. *See also Eby v. State*, 148 Idaho 731, 735-36, 228 P.3d 998, 1002-03 (2010) (holding "a dismissal under I.R.C.P. 40(c) was 'in effect a final judgment,' so I.R.C.P. 11(a)(2)(B) was not the proper method for relief because I.R.C.P. 11(a)(2)(B) 'by its terms, applies to interlocutory orders'"). Additionally, the second sentence of I.R.C.P. 11.2(b)(1) does not apply to decisions on motions to reconsider. *Agrisource*, 156 Idaho at 913, 332 P.3d at 825.

Idaho Appellate Rule 14(a) requires a notice of appeal to be filed within forty-two days from entry of a judgment or order from which the appeal is taken. While a motion for reconsideration tolls the time for filing an appeal until an order is entered deciding the motion, *Castle v. Hays*, 131 Idaho 373, 374, 957 P.2d 351, 352 (1998), when the motion is improperly and untimely filed, it will not toll the time. *Shelton v. Shelton*, 148 Idaho 560, 564, 225 P.3d 693, 697 (2009); *Dep't of Env't Quality v. Gibson*, 166 Idaho 424, 435, 461 P.3d 706, 717 (2020).

Here, the district court entered its final judgment dismissing the case on October 29, 2019. Bettwieser subsequently filed his November 7 motion, which the district court denied on November 14, 2019. Bettwieser then filed his November 14 motion, which the district court denied on January 17, 2020. On February 19, 2020, Bettwieser appealed. Because Bettwieser filed his appeal thirty-three days after the district court's denial of his last motion for reconsideration, but 113 days after the district court entered its final judgment, Bettwieser must establish that either his November 7 motion or his November 14 motion tolled the time for him to timely appeal from the judgment dismissing the case on October 29, 2019.

Although Bettwieser's November 7 motion could have temporarily tolled the time for filing an appeal, the motion is not included in the clerk's record on appeal. As such, this Court cannot assess whether the motion was properly filed. Further, the district court entered an order denying Bettwieser's November 7 motion on November 14, 2019. If it was properly and timely

4

filed, Bettwieser's November 7 motion could have temporarily tolled the time for filing an appeal. However, once the district court entered its order denying the motion on November 14, the time for filing an appeal was no longer tolled. *See Agrisource*, 156 Idaho at 913, 332 P.3d at 825. Accordingly, even if the November 7 motion was properly and timely filed, Bettwieser's February 19, 2020, notice of appeal would nonetheless be untimely as it was filed ninety-seven days after the district court denied Bettwieser's November 7 motion.

As to the November 14 motion, this Court cannot determine if it was properly filed because the motion is not included in the appellate record. It is the responsibility of the appellant to provide a sufficient record to substantiate his or her claims on appeal. *Powell v. Sellers*, 130 Idaho 122, 127, 937 P.2d 434, 439 (Ct. App. 1997). Without the motion, we cannot determine if Bettwieser sought reconsideration of an interlocutory order, which may have been a proper motion, or if he sought reconsideration of the judgment dismissing the case or the court's denial of his November 7 motion, which would have been improper. *See Agrisource*, 156 Idaho at 913, 332 P.3d at 825 ("A party cannot continuously ask the court to reconsider its decisions on motions to reconsider after entry of a final judgment."). Regardless, Bettwieser's November 14 motion for reconsideration was not timely filed as a motion for reconsideration. Because the final judgment was entered on October 29, 2019, Bettwieser had to file a motion for reconsideration within fourteen days, which was November 12, 2019. Because Bettwieser filed the motion two days late, it could not have tolled the time for Bettwieser to file the notice of appeal from the October 29 final judgment. *See Dep't of Env't Quality*, 166 Idaho at 435, 461 P.3d at 717. Accordingly, Bettwieser did not provide the record necessary for this Court to determine if his motion was properly filed and did not timely appeal from the final judgment. Therefore, his claims that the district court erred in dismissing his complaint and awarding attorney fees are not properly before this Court. Accordingly, the judgment dismissing Bettwieser's complaint is affirmed.

**B.** **Bettwieser's Appeal From the District Court's January 17, 2020, Order Denying Bettwieser's November 14, 2019, Motion for Reconsideration Is Not Proper**

To the extent Bettwieser seeks to appeal from the district court's January 17, 2020, order denying his November 14 motion for reconsideration, this attempt suffers a similar flaw, and consequently, a similar fate. In its order denying Bettwieser's November 14 motion for reconsideration, the district court found that Bettwieser's motion failed to show the court committed clear error; abused its discretion in its discretionary determinations, such as awarding

attorney fees; or that there was an intervening change in the applicable, controlling law that would render its decision erroneous. As noted above, Bettwieser's November 14 motion is not in the appellate record and in the absence of an adequate record on appeal to support the appellant's claims, we will not presume error. *Powell*, 130 Idaho at 127, 937 P.2d at 439. *Id*. Because Bettwieser's November 14 motion is not in the record, we will not presume the district court erred in denying it. Accordingly, we affirm the district court's order denying Bettwieser's November 14 motion.

## C. Attorney Fees and Costs Are Granted on Appeal

Carole argues for an award of attorney fees and costs on appeal pursuant to I.A.R. 35(b)(5), 40, and 41, and I.C. § 12-121. Carole asserts an award of attorney fees and costs is appropriate because Bettwieser did not articulate the basis for his appeal, appealed nearly every decision decided adversely to him, presented arguments for the first time on appeal, ignored and misquoted relevant case law, and did not show that the district court incorrectly applied the law. Further, Carole argues that Bettwieser pursued the appeal frivolously, unreasonably, and without foundation.

An award of attorney fees and costs may be granted under I.C. § 12-121 and I.A.R. 41 to the prevailing party, and such an award is appropriate when the court finds that the appeal has been brought or defended frivolously, unreasonably, or without foundation. On appeal, Bettwieser does not provide a sufficient record to make a showing that he timely appealed or for this Court to assess his claims that the district court erred in his denial of his November 14 motion. As a result, we find Bettwieser pursued this appeal frivolously, unreasonably, and without foundation. Consequently, Carole is awarded attorney fees and costs on appeal.

## III.
## CONCLUSION

Bettwieser has failed to show that his November 14, 2019, motion for reconsideration was properly and timely filed. Therefore, Bettwieser has not established that the motion tolled the time for him to file an appeal from the judgment dismissing his complaint. Accordingly, Bettwieser's claims that the district court erred in its pre-judgment interlocutory orders are not properly before this Court. Similarly, to the extent Bettwieser alleges error in the district court's denial of his November 14, 2019, motion for reconsideration, this motion is not in the record. Without being able to review the motion, we will not presume the district court erred in denying

it. Accordingly, the district court's judgment dismissing the complaint without prejudice is affirmed. Costs and attorney fees are awarded to Carole on appeal.

Judge GRATTON and Judge LORELLO **CONCUR**.