**IN THE SUPREME COURT OF THE STATE OF IDAHO**

**Docket No. 35854-2008**

| | | |
|---|---|---|
| ALECIA A. SHELTON, | ) | |
| | ) | **Boise, November 2009 Term** |
| Plaintiff-Respondent, | ) | |
| | ) | **2009 Opinion No. 145** |
| v. | ) | |
| | ) | **Filed: November 27, 2009** |
| WILLIAM H. SHELTON, | ) | |
| | ) | **Stephen W. Kenyon, Clerk** |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District of the State of Idaho, in and for Ada County. The Hon. Cheri C. Copsey, District Judge; the Hon. Terry R. McDaniel, Magistrate Judge.

The appeal is <u>dismissed</u>.

William H. Shelton, Boise, appellant pro se.

Paul E. Riggins, Boise, for respondent.

_____

EISMANN, Chief Justice.

This is an appeal from an order dismissing a motion to modify child support. Because the appeal from the magistrate court to the district court was not filed timely, we dismiss this appeal without prejudice.

## I.  FACTS AND PROCEDURAL HISTORY

Alecia Shelton (Mother) and William Shelton (Father) were previously married and had one child born in 1993 during their marriage. On February 3, 1995, Mother filed an action for divorce. Based upon the stipulation of the parties, their marriage was terminated by decree of divorce entered on March 22, 1995. The decree provided that Father was to pay $315 per month as child support.

On March 15, 2002, Father filed a motion seeking to modify child support. He alleged that he was earning $16.55 per hour when the decree was entered and that there has since been a material change in circumstances. The alleged change was that he lost his job after pleading

guilty to a sex crime, that he was serving one year in jail with work release, and that he was currently employed earning $6.25 per hour. He asked that child support be reduced to $192 per month. That motion was later withdrawn by stipulation of the parties. Both parties were represented by counsel.

On April 14, 2003, Father filed a pro se motion to modify child support. He alleged that there was a substantial and material change of circumstances because he had been incarcerated in prison since March 15, 2002; would not be eligible for parole until about March 15, 2007; and was currently earning $25 per month at a prison job. He asked that his child support obligation be suspended until his release from incarceration and that it then be set according to the Child Support Guidelines. The motion was tried on October 14, 2003. On October 23, 2003, the magistrate judge presiding over that motion entered an order denying the motion. The magistrate denied the motion on the grounds that Father "put himself in his present position by his own volition" and that he "has sufficient income and assets to satisfy his current child support obligation."[1] Father did not appeal that decision.

On October 31, 2006, Father filed another pro se motion to modify child support. He alleged that he "is currently occupied with a prison job and receives $50 per month gratuity," that he "is currently not employed," and that "[t]his incarceration and depletion of movant's financial resources constitutes a substantial and material change of circumstances as contemplated by I.R.C.P. 6(c)(6) Section 5 and Idaho Code § 32-709." Father supported the motion with an affidavit in which he stated that he had $1,390 in a savings account; that he had debts totaling $21,400; and that he has monthly expenses totaling $50.

On January 3, 2007, Mother filed a motion to dismiss Father's motion on the ground that it failed to state a claim upon which relief could be granted.[2] The motion was heard on March 13, 2007, with both parties appearing pro se.[3] At the beginning of the hearing, the magistrate

---

[1] The magistrate did not provide any authority or analysis supporting his conclusion that Father could not seek to modify child support because he was incarcerated for an intentional crime, nor did he specify what income and assets Father had.

[2] The motion is not included in the record on appeal, but at the hearing Mother referred to it as being a motion to dismiss Father's request to modify child support for his "failure to allege a substantial material change of circumstances which would vest – which would vest jurisdiction in this court to grant the defendant's requested relief since this motion has been filed previous and there has been no change in April of 2003 and March of 2002."

[3] Father was transported from the prison to court for the hearing. Mother later retained counsel for this appeal.

judge announced, "Ms. Shelton, this is your Motion to Dismiss. So you may proceed. You may make your argument." When Father was offered an opportunity to respond to Mother's argument, the magistrate began questioning him as to any assets he may still have. The following dialogue occurred:

> THE COURT: Well, do you presently have money available to you?
> MR. WILLIAM SHELTON: I only have the – what's in the PERSI Retirement System.
> THE COURT: And how much is that?
> MR. WILLIAM SHELTON: Well, the last statement I have is from 19 – I mean, from 2003; and it says a total of $40,531.
> THE COURT: Well, then you have assets available for you.
> . . . .
> MR. WILLIAM SHELTON: I don't have income. Idaho Code states that child support is supposed to be based on income, not on future retirement benefits.
> THE COURT: Well, you have assets available to you.
> MR. WILLIAM SHELTON: But I don't have income.

The magistrate then inquired about Father's sale of a duplex that had occurred while Father was in prison. Father's brother, who lives out of state, handled the sale and the money received from that sale.

> THE COURT: Okay. But you also – I believe you indicated that you sold some property and got –
> MR. WILLIAM SHELTON: That's correct.
> THE COURT: You got $40,000 and you were supposed to present to me –
> MR. WILLIAM SHELTON: Yes. I have the documentation for that.
> THE COURT: Do you have the person here to testify?
> MR. WILLIAM SHELTON: I just have the papers that he wrote out, listing where all of the money went.

Father's brother had prepared the papers allegedly showing that the money received from the sale of the duplex had all been spent, including by paying child support. Because Father was in prison, his brother was handling his finances. The magistrate asked Mother if she had any objection to the papers, and she said she did not, but would like to question the brother. The magistrate responded, "He's not here to answer the questions. So that would be a hearsay objection." Mother then said, "Then I do object," and the magistrate sustained her objection. Father asked if he could answer Mother's questions about what is on the papers, and the magistrate answered, "No. This is a Motion to Dismiss." After Father protested that the money from the sale of the duplex was all gone, the magistrate ruled, "Well, okay. Based upon the

evidence that I have before me right now, I am going to dismiss the motion. There has not been a material change in circumstance here." On March 15, 2007, the magistrate entered an "ORDER DISMISSING MOTION WITHOUT PREJUDICE."

On April 4, 2007, Father filed a motion for reconsideration. Eight days later, the magistrate summarily denied the motion without comment.

On June 22, 2007, Father appealed to the district court. The district court held that the magistrate did not err in dismissing Father's motion to modify child support because Father "did not have any admissible evidence to support his conclusory allegation that he had suffered a 'depletion of [Shelton's] financial resources.'" (Alteration in original.) The district court also ruled that Father was wrong in arguing that the balance in his retirement account could not be considered income for the purpose of calculating his child support obligation. After stating that Father had argued that "his retirement account could not be considered by the Magistrate in determining whether he should pay child support," the district judge stated in a footnote, "The Court notes he is wrong. The Child Support Guidelines adopted in Idaho specifically provide that gross income for the purpose of determining child support obligations includes pensions and retirement income." There was no evidence that Father was receiving any income from his retirement account.

Father then appealed to this Court, and the case was initially assigned to the Idaho Court of Appeals. In an unpublished opinion, it affirmed the district court. It held that Father's retirement account constituted funds available to pay child support and that Father had failed to produce admissible evidence regarding the depletion of the funds from his sale of the duplex. We granted Father's petition for review. In cases that come before this Court on a petition for review of a Court of Appeals decision, this Court gives serious consideration to the views of the Court of Appeals, but directly reviews the decision of the lower court. *Head v. State*, 137 Idaho 1, 2, 43 P.3d 760, 761 (2002).

## II. ANALYSIS

### A.

The appeal in this case will have to be dismissed because Father did not timely appeal to the district court. The order granting Mother's motion to dismiss was entered on March 15, 2007. Because the order granting the motion to dismiss was a final order, Father's motion for

4

reconsideration must be considered as a motion to alter or amend a judgment.[4]  The time to appeal from the order granting the motion to dismiss would have been suspended by a timely motion to alter or amend the judgment.  I.R.C.P. 83(e).  To be timely, a motion to alter or amend a judgment must be served within fourteen days after the entry of the final judgment.  I.R.C.P. 59(e).  Father's motion for reconsideration is dated March 30, 2007, and it contains a certificate of service stating that it was served by mail on that date.[5]  The motion was served fifteen days after entry of the final judgment, one day too late.

In his reply brief to the district court, Father argued that his motion for reconsideration was timely because the dismissal order was mailed to him, thereby giving him three additional days pursuant to Rule 6(e)(1).  That Rule provides:

> Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon the party and the notice or paper is served upon the party by mail, three (3) days shall be added to the prescribed period.

Rule 6(e)(1) does not apply in this situation.  It grants three additional days when a document is served by mail and the time within which the party served has the right or is required to act commences after *service* of the document.  Rule 59(e) does not provide that a motion to alter or amend a judgment must be made within fourteen days after *service* of the judgment.  It provides that the motion "shall be served not later than fourteen (14) days after *entry* of the judgment."  (Emphasis added.)  The dismissal order was entered when the clerk's filing stamp was placed on it, which was on March 15, 2007.  I.R.C.P. 58(a).

Because Father's motion for reconsideration was filed one day too late, it was untimely and did not suspend the running of the time for appeal.  A timely appeal to the district court would have to have been filed within forty-two days after entry of the dismissal order.  I.R.C.P.

---

[4]  A motion for reconsideration under Rule 11(a)(2)(B) only applies to orders made before and after the entry of a final judgment, not to the final judgment itself.  *Straub v. Smith*, 145 Idaho 65, 71, 175 P.3d 754, 760 (2007); I.R.C.P. 11(a)(2)(B).  Therefore, Father's motion for reconsideration is properly considered as being a motion to alter or amend the order of dismissal pursuant to Rule 59(e).  *Straub v. Smith*, 145 Idaho at 71, 175 P.3d at 760; *Dunlap v. Cassia Meml. Hosp. Med. Ctr.*, 134 Idaho 233, 235-36, 999 P.2d 888, 890-91 (2000).

[5]  Service by mail is complete upon mailing.  I.R.C.P. 5(b).

83(e). Giving Father the benefit of the "mailbox rule,"[6] his notice of appeal was filed on May 15, 2007,[7] which was sixty-one days after entry of the dismissal order. Because the appeal to the district court was not filed timely, the district court did not have jurisdiction to consider the appeal. *Callaghan v. Callaghan*, 142 Idaho 185, 188, 125 P.3d 1061, 1064 (2005). We therefore dismiss this appeal.

## B.

Because Father's motion to modify child support was dismissed without prejudice, he can refile that motion as if it had never been filed. *Castle v. Hays*, 131 Idaho 373, 374, 957 P.2d 351, 352 (1998). We will therefore address two issues that may arise on any refiling of his motion.

The first issue is that all litigants, including those such as Father who are incarcerated for reprehensible conduct, are entitled to equality under the law. Not only is a pro se litigant held to the same standards and rules as an attorney, *Suitts v. Nix*, 141 Idaho 706, 709, 117 P.3d 120, 123 (2005), but the pro se litigant is entitled to have the rules of civil procedure applied to him or her in the same manner as they would be applied to an attorney. In this case, the magistrate judge did not do so. He created a unique procedural hurdle that Father tripped over, resulting in the dismissal of his motion.

Mother had moved to dismiss Father's motion pursuant to Rule 12(b)(6) for failure to state a claim upon which relief could be granted. A 12(b)(6) motion looks only at the pleadings to determine whether a claim for relief has been stated.[8] *Young v. City of Ketchum*, 137 Idaho 102, 104, 44 P.3d 1157, 1159 (2002). "A motion to dismiss for failure to state a claim should not be granted 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief.'" *Taylor v. Maile*, 142 Idaho 253, 257, 127 P.3d 156, 160 (2005) (quoting from *Gardner v. Hollifield*, 96 Idaho 609, 611, 533 P.2d 730, 732 (1975)). In this case, Father's motion clearly stated a claim upon which relief could be granted.

---

[6] Under the mailbox rule, a document filed by a pro se prisoner is deemed filed on the date it is submitted to prison authorities for the purpose of mailing. *McCabe v. Craven*, 145 Idaho 954, 956, 188 P.3d 896, 898 n.1 (2008).

[7] Father's notice of appeal was dated May 15, 2007, and it contains a certificate of mailing stating that it was mailed on the same date.

[8] Although a motion to modify child support is not listed as one of the permissible pleadings in Rule 7(a), it is treated as a pleading pursuant to Rule 60(c).

Indeed, the magistrate did not hold that it failed to do so. Rather, the magistrate dismissed Father's motion because he had failed to offer at the hearing admissible testimony supporting his contention that there had been a substantial and material change in circumstances justifying a modification of the child support. There is no requirement that a party defending against a 12(b)(6) motion must offer admissible testimony at the hearing on the motion.

Rule 12(b) does provide that if matters outside the pleading "are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." In this case, the magistrate considered matters outside Father's pleading (Father's inability to provide admissible testimony at the hearing and possibly Father's answers to the magistrate's questions). However, there is nothing in the record indicating that the magistrate treated Mother's motion as being a motion for summary judgment, nor did the magistrate give Father a reasonable opportunity to present all relevant material once the magistrate decided to consider matters outside the pleading.

On a motion for summary judgment, "[t]he burden of proving the absence of material facts is upon the moving party. Once the moving party establishes the absence of a genuine issue, the burden shifts to the nonmoving party to show that a genuine issue of material fact on the challenged element of the claim does exist." *Hei v. Holzer*, 139 Idaho 81, 85, 73 P.3d 94, 98 (2003). "[I]f a party moving for summary judgment raises issues in his motion but then fails to provide any evidence showing a lack of any genuine issue of material fact with respect to those issues, the nonmoving party has no burden to respond with supporting evidence." *Thomson v. Idaho Ins. Agency, Inc.*, 126 Idaho 527, 531, 887 P.2d 1034, 1038 (1994).

In this case, the magistrate did not require Mother to establish the absence of any material fact regarding whether there was a change in circumstances.[9] Father had previously filed an

---

[9] Although not mentioned by the magistrate, Mother alleged as an affirmative defense in her verified answer that "[a] substantial, material and permanent change of circumstances has not occurred, barring [Father] from being entitled to relief." In response to Mother's motion to dismiss for failure to state a claim upon which relief could be granted, Father filed an affidavit stating:

> 1. Defendant has been incarcerated continuously for approximately five years, during which time he has to the best of his ability remained current on child support obligations by liquidating assets. However, his assets are now substantially depleted. . . . .
>
> . . . .
>
> 5. Therefore, the Court should deny Plaintiff's Motion to Dismiss, and conduct a hearing to determine what income is available to support the child in accordance with the Child Support Guidelines of the State of Idaho.

affidavit stating facts alleging a change in circumstances, but the magistrate disregarded that affidavit and required Father to produce admissible testimony at the hearing. A party defending against a motion for summary judgment is entitled to rely upon affidavits. I.R.C.P. 56(c). There is no requirement that the party produce at the hearing on the motion for summary judgment a witness whose testimony is admissible.

In this case, there is also nothing in the record indicating that Father was advised prior to the hearing that he would be required to produce admissible witness testimony. The unique procedure adopted by the magistrate could not be construed as an evidentiary hearing on the merits of Father's motion to modify child support. There is nothing in the record indicating that the magistrate had set Father's motion for trial on the date also set for hearing on Mother's motion, nor was there anything in the transcript of the hearing indicating that the hearing was intended to be a trial on the merits. The magistrate's order stated: "This action came before this Court on Tuesday, March 13, 2007, at 9:00 o'clock a.m. for plaintiff, [Mother's] motion to dismiss. Both parties having appeared and the court having heard argument from both parties, IT IS HEREBY ORDERED that the motion to dismiss is hereby granted." There were no findings of fact, nor was Father's motion denied. The order stated that it granted Mother's motion to dismiss.

In his motion for reconsideration, Father stated that the magistrate apparently dismissed Father's motion because he did not have a witness present to testify as to the depletion of the proceeds from the sale of the duplex and that "now that [Father] knows this witness is required, he is prepared to present the witness in Court in order to answer any questions concerning the disposal of [Father's] assets." The magistrate summarily dismissed the motion for reconsideration without a hearing, apparently because the magistrate did not want to hear that evidence. The magistrate gave no reason for the dismissal, and there is nothing in the record indicating that the magistrate denied the motion for reconsideration because it was untimely. If Father refiles his motion to modify child support, he is entitled to have the rules of procedure applied to him in the same manner as they would be applied if he were represented by a licensed attorney.

---

If the magistrate had considered that Mother's sworn allegation of no change in circumstances was sufficient to shift the burden of producing evidence to Father, his sworn response was sufficient to create a genuine issue of material fact. There was no objection to his affidavit, nor did the magistrate sua sponte hold it inadmissible.

The second issue is whether the balance in Father's retirement account can be considered in determining the amount of the child support. The magistrate indicated and the district court and court of appeals both held that it could be, which would result in Father being required to withdraw money from his retirement account to pay child support. The basic child support obligation is based upon "Guidelines Income." I.R.C.P. 6(c)(6) § 10. Guidelines Income includes the gross income of the parents. *Id*. at § 6. "Gross income" is defined to include "income from any source, [including] but not limited to, . . . income from . . . pensions." *Id*. at § 6(a). It is *income* from pensions, not the corpus of the retirement account, that is included in gross income for the purpose of calculating child support. Income from a pension would be the payments a retiree is receiving from the pension. The Rule also provides, "The court may consider when and for what duration the receipt of funds from gifts, prizes, net proceeds from property sales, severance pay, and judgments will be considered as available for child support." The corpus of a retirement account is not included in this list.

## III. CONCLUSION

The appeal in this case is dismissed without prejudice. This case is remanded to the district court with instructions to vacate its judgment and to dismiss the appeal without prejudice. We do not award costs on appeal.

Justices BURDICK, J. JONES, W. JONES and HORTON **CONCUR**.