**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 37558**

| | | |
|---|---|---|
| STEPHEN ULLRICH, | ) | 2010 Unpublished Opinion No. 690 |
| | ) | |
| Plaintiff-Appellant, | ) | Filed: October 29, 2010 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| L. HINES, et al., | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendants-Respondents. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Michael R. McLaughlin, District Judge.

Appeal, <u>dismissed</u>.

Stephen Ullrich, appellant pro se.

Hon. Lawrence G. Wasden, Attorney General; William M. Loomis, Deputy Attorney General, Boise, for respondents.

_____

GRATTON, Judge

Stephen Ullrich appeals an order denying his motion for entry of a default judgment. As the order is not a final judgment, the appeal is dismissed.

On June 16, 2009, Ullrich filed a complaint of medical malpractice against L. Hines, Dr. Dawson, and John or Jane Does I through XXX. On August 31, 2009, the district court issued a notice of intent to dismiss the case for inactivity. On October 6, 2009, Ullrich filed a motion for default alleging the defendants had not answered the complaint. On November 16, 2009, the district court entered an order stating that it could not rule on Ullrich's request for default, among other requests, because Ullrich had not shown that he had served the defendants. The court stated that serving the defendants was Ullrich's responsibility and quoted I.R.C.P. 4(a). Ullrich then filed a supplemental complaint against the State of Idaho. On March 29, 2010, the court entered the following order:

> THIS MATTER having come before the Court on the Plaintiff's motion for entry of default and default judgment. The Court heard argument on March 9, 2010, the Idaho Board of Correction and Idaho Department of Correction

represented by Deputy Attorney General William Loomis, Plaintiff, appearing *pro se*. After considering the documents provided by Mr. Loomis and the arguments presented, it is hereby ORDERED as follows:

> 1. Proper service of the complaint was not made upon the Idaho Board of Correction, the Department of Correction or any party named in complaint. The Court finds no basis for the entry of default and the motion is denied. Plaintiff is granted leave to file an amended complaint and all parties named in the amended complaint must be served in accordance with the rules of civil procedure.

On March 31, 2009, Ullrich appealed the order. Ullrich's notice of appeal described the order as "Sua Sponta [sic] Dismissal of a Medical Malpractice Complaint." The respondents argue "the District Court's Memorandum Decision and Order dismissing Ullrich's case should be affirmed." Both parties are in error in characterizing the district court's order as a dismissal.

At the time Ullrich filed his notice of appeal, Idaho Appellate Rule 11(a)(1) allowed for appeals as a matter of right in civil cases for judgments, orders and decrees which are final. "As a general rule, a final judgment is an order or judgment that ends the lawsuit, adjudicates the subject matter of the controversy, and represents a final determination of the rights of the parties. It must be a separate document that on its face states the relief granted or denied." *Spokane Structures, Inc. v. Equitable Investments, LLC*, 148 Idaho 616, 620, 226 P.3d 1263, 1267 (2010) (citations omitted). An order granting a motion to dismiss can be a final judgment. *See Shelton v. Shelton*, 148 Idaho 560, 564, 225 P.3d 693, 697 (2009).

The March 29, 2010, order did not dismiss the case. The district court denied Ullrich's motion for a default judgment and granted him leave to amend his complaint and serve the amended complaint upon the defendants. There was no final determination of the rights of the parties. The order was not final, and no other basis for appeal has been shown. Thus, the order was not appealable and this appeal is dismissed.

Chief Judge LANSING and Judge MELANSON, **CONCUR.**

2