IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 37269

| | | |
|---|---|---|
| HAROLD FORD, | ) | 2011 Unpublished Opinion No. 382 |
| | ) | |
| Plaintiff-Appellant, | ) | Filed: March 10, 2011 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| LOIS GENICE RAWLINSON; THE | ) | THIS IS AN UNPUBLISHED |
| GENICE RAWLINSON REVOCABLE | ) | OPINION AND SHALL NOT |
| TRUST; JOHN SCOTT; JACKIE GENICE | ) | BE CITED AS AUTHORITY |
| SCOTT; THOMAS E. MORRIS; | ) | |
| SHELLY H. COZAKOS; and ROBIN | ) | |
| STARR, | ) | |
| | ) | |
| Defendants-Respondents. | ) | |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Thomas J. Ryan, District Judge.

Order denying motion to reconsider judgment, <u>affirmed</u>.

Harold Ford, Boise, pro se appellant.

Bevis, Thiry & Schindele, P.A.; Jennifer M. Schindele, Boise, for respondents Lois Genice Rawlinson, John and Jackie Scott, and The Genice Rawlinson Revocable Trust.

Perkins Coie, LLP, Christine M. Salmi; Boise, for respondents Thomas C. Morris and Shelly H. Cozakos.

Obsidian Law, PLLC, Bryan K. Walker; Boise, for respondent Robin Starr.

_____

LANSING, Judge

Harold Ford appeals from the district court's order denying his motion to reconsider its final judgment dismissing his complaint on statute of limitations grounds. We affirm.

# I.

## FACTS AND PROCEDURAL HISTORY

From the limited record on appeal, we discern the following facts. Ford was the record owner of real property located on Freezeout Road in Caldwell, Idaho. An entity that either had foreclosed or was in the process of foreclosing on the property agreed to release its interest in the property to Ford in exchange for a $21,000 payment. On January 2, 1996, Ford signed a quitclaim deed transferring his interest in the property to his then girlfriend or partner, respondent Lois Genice Rawlinson, who made the payment.[1] Rawlinson later deeded the property to respondent Rawlinson Trust.

A dispute subsequently arose concerning ownership of the property. In 2001, Ford filed a civil complaint against Rawlinson individually and as trustee of the Rawlinson Trust and against Jackie Scott as trustee of the Rawlinson Trust ("the first lawsuit"). Ford alleged that he had provided some of the funds for the $21,000 payment and that he and Rawlinson had entered into an oral contract providing that he would retain an ownership interest in the property. Ford alleged breach of the oral contract, unjust enrichment, fraud and constructive trust. Following a court trial, the district court ruled in favor of the defendants. The judgment was filed on January 2, 2004.

Ford hired new counsel and appealed, but his appeal was dismissed after his attorney failed to timely prosecute the appeal. Ford thereafter filed complaints with the Idaho State Bar asserting that his trial attorney had failed to obtain key evidence supporting Ford's case until the middle of trial, and that his appellate attorney had failed to competently pursue his appeal. The written reports and recommendations resulting from the Idaho State Bar investigations were issued in January and April 2009.

On April 27, 2009, Ford filed the present action pro se seeking relief from the 2004 judgment that was entered against him. In addition to Rawlinson and the Rawlinson Trust defendants, Ford named as additional defendants nonparties to the first lawsuit including respondent Starr, a notary public who notarized the quitclaim deed in 1996, respondents Morris and Cozakos who apparently were Rawlinson's and Jackie Scott's trial attorneys, and John Scott

---

[1] Ford attached to his complaint two Idaho State Bar reports, one of which states that Ford quitclaimed his interest in the property to Rawlinson "to avoid a $5,000 judgment lien on the property from an unrelated matter."

who is evidently Jackie Scott's husband.  Of the claims alleged in his complaint, the only one relevant to this appeal is a fraud claim.  Ford alleged that the defendants conspired to commit fraud in the first lawsuit by withholding evidentiary documents, committing perjury, failing to disclose material facts, preventing Ford "from knowing or discovering his rights and defenses" and committing other post-judgment wrongful acts.  Ford's complaint also included allegations of wrongful conduct by his former attorneys but he did not name them as defendants.

The defendants moved for judgment on the pleadings on multiple grounds.  Following a hearing, the district court granted the motions, determining that Ford's claims were barred by the statute of limitations.  The district court entered three separate judgments in favor of Starr, the Rawlinson defendants, and the Scott defendants, respectively, dismissing Ford's complaint as to each.  The last of these judgments was entered on September 25, 2009.  Twenty days thereafter, Ford filed a motion for reconsideration.  The defendants filed memoranda in opposition contending, among other things, that Ford's motion for reconsideration was untimely. In a November 6, 2009, order, the district court denied Ford's motion on the ground that it was untimely and on the alternative ground that even if it had been timely filed, the motion showed no error in the court's prior determination that Ford's claims were barred by the statute of limitations.  After realizing that it had not previously considered the reply brief filed by Ford on the motion for reconsideration, on December 1, 2009, the district court entered a "Clarification Re: Plaintiff's Motion for Reconsideration" in which the court held that Ford's verified allegations in his complaint, even if true, did not present a cognizable claim of fraud on the court under Idaho law.  Ford appeals.

## II.

## ANALYSIS

### A.    Timeliness of Appeal from the Final Judgment Dismissing Ford's Complaint

We begin by considering the respondents' arguments that Ford's appeal is not timely from the judgments dismissing his complaint.  Idaho Appellate Rule 14(a) provides that an appeal from a judgment may be taken only by filing the notice of appeal within forty-two days from the date of the filing stamp on the final judgment.  The last of the three judgments in this case was filed on September 29, 2009.  Because this document resolved the last of Ford's claims against any of the defendants, and completed the adjudication of the subject matter of the action, it was the final judgment in the case.  *See Camp v. East Fork Ditch Co., Ltd.*, 137 Idaho 850,

867-68, 55 P.3d 304, 321-22 (2002). Therefore, this time limit for Ford's appeal began to run from September 29, 2009, at the latest.[2]

The forty-two-day period for an appeal from a judgment will be tolled by the filing of a timely and authorized post-judgment motion that, if granted, could affect the judgment. I.A.R. 14(a). This rule does not enlarge the time for Ford's appeal from the judgment here, however, because he did not file a timely post-judgment motion. On October 19, 2009, Ford filed a "motion for reconsideration." Motions for reconsideration are governed by Idaho Rule of Civil Procedure 11(a)(2)(B), which requires that the motion be made "not later than fourteen (14) days after the entry of the final judgment." If this rule were applicable, Ford's motion would be untimely because it was not filed until twenty days after the entry of the final judgment. In any event, Rule 11(a)(2)(B) does not apply to Ford's motion because that rule authorizes only motions to reconsider an interlocutory order, not motions for reconsideration of a final judgment. *Shelton v. Shelton*, 148 Idaho 560, 564 n.4, 225 P.3d 693, 697 n.4 (2009). If a "motion for reconsideration" challenges a final judgment, it is to be treated as a motion to alter or amend the judgment pursuant to I.R.C.P. 59(e). *Id.* That rule requires that the motion "shall be served not later than fourteen days after the entry of final judgment." *See also McIntire v. Orr*, 122 Idaho 351, 353, 834 P.2d 868, 870 (1992). If Ford's motion is properly characterized as a Rule 59(e) motion to alter or amend the judgment, it was still untimely because, according to the certificate of service, it was not served until October 16, 2009, seventeen days after the entry of the final judgment. Thus, because no timely motion extended the time to appeal from the final judgment, the time to appeal from the September 29 judgment expired on November 10, 2009. Ford's January 4, 2010, notice of appeal is untimely to challenge the judgment, and we therefore do not consider any claim of district court error that led to the judgment.

## B. Appeal from Order Denying Motion for Reconsideration

Ford's appeal is timely, however, from the district court's "Clarification Re: Plaintiff's Motion for Reconsideration" by which the motion for reconsideration was ultimately denied. In

---

[2]    A partial judgment filed on September 25, 2009, dismissing Ford's claims against Robin Starr contained an I.R.C.P. 54(b) certificate determining that there was no just reason for delay in entry of a final judgment and directing that it constituted a final judgment upon which an appeal could be taken. Therefore, the time for Ford's appeal from the judgment in favor of Robin Starr actually began to run on September 25, but as to the other defendants, it did not begin to run until September 29.

4

the district court's initial order denying Ford's motion for reconsideration, the court stated alternative grounds: that the motion was untimely filed and that it did not demonstrate any error in the court's prior holding that Ford's claims were barred by the statute of limitations. In the subsequent Clarification, the district court appears to have retracted its statute of limitations ruling,[3] but it also held that Ford's complaint was properly dismissed because it did not allege facts stating a cause of action for fraud upon the court. The Clarification did not retract the district court's initial determination that Ford's motion for reconsideration must be denied because it was untimely.

Ford's appellant's brief to this Court presents argument on the alleged merits of his claim that the respondents committed a fraud on the court in the first lawsuit and also presents a brief argument that the statute of limitations was tolled under the continuing tort doctrine.[4] His arguments on this appeal do not, however, address the district court's alternative basis for denying Ford's motion for reconsideration--that the motion itself was not timely filed. We affirm the denial of the motion for reconsideration on that alternative basis.

As explained above, because Ford's motion for reconsideration sought to alter the final judgment in this case, it must be treated as a motion to alter or amend a judgment pursuant to I.R.C.P. 59(e), and such a motion must be served within fourteen days of entry of a judgment. When a Rule 59(e) motion is served outside of the fourteen-day window, the trial court has no authority to grant it, and the motion must be denied as untimely. *Christensen v. Ransom*, 123 Idaho 99, 104, 844 P.2d 1349, 1354 (Ct. App. 1992).

Although it has not been argued by Ford, this Court has also considered whether Ford's motion for reconsideration could be considered a timely motion for relief from a judgment under I.R.C.P. 60(b). We have determined that Rule 60(b) is not applicable because Ford's motion for reconsideration alleged none of the grounds that would justify a motion under that rule. Accordingly, we affirm the district court's order denying Ford's motion for reconsideration

---

[3] The "Clarification" states that "based upon the theory of fraud upon the court, the Court may entertain the Plaintiff's Complaint as timely."

[4] The appellant's brief also argues that the trial court in the first lawsuit erred by refusing to consider an I.R.C.P. 60(b) motion for relief from the judgment in that case and by causing the court clerk to "unfile" the motion. However, Ford's appeal in the first lawsuit was dismissed, and that matter is not properly before us in the present appeal.

5

because the motion was untimely. In light of this determination, we need not address Ford's arguments relating to the district court's alternative grounds for denial of the motion.

**C.    Attorney Fees**

Each of the defendants requests attorney fees on appeal under I.C. § 12-121 and I.A.R. 41. This statute authorizes an award of attorney fees for an appeal that is pursued frivolously, unreasonably or without foundation. *Anson v. Les Bois Race Track, Inc.*, 130 Idaho 303, 305, 939 P.2d 1382, 1384 (1997). Because Ford's appeal fails to address the timeliness of his motion for reconsideration, one of the bases for the trial court's decision, we award the defendants attorney fees pursuant to I.C. § 12-121.

**D.    Conclusion**

The order of the district court denying Ford's motion for reconsideration of the final judgment in this case is affirmed. Costs and attorney fees on appeal to the defendants-respondents.

Judge GUTIERREZ and Judge MELANSON **CONCUR.**