IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 41866

| ROBERT LEON MERTENS, | ) | 2015 Unpublished Opinion No. 337 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: February 10, 2015 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| ESTATE OF MARCELLA MERTENS and | ) | THIS IS AN UNPUBLISHED |
| GORDON MERTENS, | ) | OPINION AND SHALL NOT |
| | ) | BE CITED AS AUTHORITY |
| Respondents. | ) | |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Bonner County. Hon. Jeff M. Brudie, District Judge. Hon. Barbara Buchanan, Magistrate.

District court's order dismissing intermediate appeal, <u>reversed</u> and case <u>remanded</u>.

Robert Leon Mertens, Illinois, pro se appellant.

James T. Diehl, Sandpoint, for respondents.

---

GRATTON, Judge

Robert Leon Mertens appeals from the district court's order dismissing his intermediate appeal of various orders entered by the magistrate court. We reverse.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Mertens' mother, Marcella Mertens, passed away on March 21, 2004.[1]  In November 2008, the magistrate ordered distribution of $3,500 to Mertens as his full and final distribution. Mertens appealed the order for final distribution to the district court, which

---

[1]     Mertens' father, Gordon Mertens, predeceased Marcella Mertens. His estate was re-opened and consolidated with the Estate of Marcella Mertens.

1

affirmed the magistrate court.[2] Mertens appealed the matter to this Court, asserting numerous claims of error. *In re Estate of Mertens*, Docket No. 37908 (Ct. App. Jan. 17, 2012) (unpublished). This Court reversed the district court's order affirming the magistrate court, vacated the magistrate's order of final distribution to Mertens, and remanded the case to the magistrate court for determination on two narrow issues relating to Mertens' final distribution. *Id*.

On July 23, 2012, the magistrate entered its ruling on the two issues that were remanded by this Court. The magistrate then entered a clarification order on August 15, 2012. On October 1, 2012, Mertens filed a notice of appeal of the magistrate's orders following remand. However, on May 1, 2013, Mertens filed a motion for voluntary dismissal of his appeal, and the district court entered an order to that effect on May 31, 2013. The magistrate subsequently entered an estate closing order and a decree of final discharge on July 2, 2013, and July 15, 2013, respectively.

On August 9, 2013, Mertens delivered a notice of appeal to the district court as well as a motion for fee waiver. The motion for fee waiver was denied on September 3, 2013. Because Mertens' fee waiver was denied, the clerk of the district court did not file Mertens' notice of appeal, but returned the notice to him. However, the fee waiver was later granted on September 30, 2013, based on Mertens' motion to reconsider. Mertens then filed a document titled "Amended Notice of Appeal to the District Court" on October 15, 2013, seeking to appeal the magistrate's July 23, 2012, decision on remand; August 15, 2012, clarification order; and July 2, 2013, estate closing order. The district court issued a notice of intent to dismiss the appeal on the basis that it was untimely. Although Mertens responded, an order of dismissal was then entered on January 7, 2014.

Mertens now appeals the same magistrate's orders and the district court's dismissal to this Court. The Supreme Court ordered the scope of this appeal to be limited only to whether the district court erred in dismissing his appeal. Therefore, we must confine ourselves to determine whether the district court properly dismissed the appeal on the basis that it was not timely filed.

---

[2] Initially, Mertens attempted to appeal the order for final distribution directly to the Idaho Supreme Court. The Idaho Supreme Court remanded the appeal to the district court, where the appeal was required to be heard first pursuant to Idaho Administrative Rule 11.

## II.

## ANALYSIS

Mertens argues that his notice of appeal was timely filed. He points out that his notice of appeal dated August 2, 2013, accompanied by his application for fee waiver, were both received by the district court on August 9, 2013. Pursuant to Idaho Rule of Civil Procedure 83(e), "an appeal to a district court from the magistrate's divisions must be filed with the appropriate district court within 42 days after entry of the judgment or order." A district court is without jurisdiction to consider an appeal that is not timely filed. *Shelton v. Shelton*, 148 Idaho 560, 565, 225 P.3d 693, 698 (2009).

In dismissing the appeal on the basis that it was untimely filed, the district court relied on the belief that the only notice of appeal filed was that which was filed on October 15, 2013, stating as much in its notice of intent to dismiss the appeal. Basing its analysis on the October 2013 date, the district court noted, "Mertens filed his Amended Notice of Appeal: (a) one year and eighty-three (83) days after entry of the July 23, 2012 Order; (b) one year and sixty (60) days after entry of the August 15, 2012 Order; and (c) one hundred and three (103) days after entry of the July 2, 2013 Order."

While it is true that Mertens did file an amended notice of appeal in October 2013 (which would be untimely as the district court determined), Mertens *attempted* to timely file the notice of appeal, which was received together with a request for fee waiver, on August 9, 2013. If the notice of appeal had been filed on that date, it would have been timely as to the July 2, 2013, estate closing order. It is apparent from the record of actions that Mertens' original notice of appeal was not filed, but returned to him following the denial of his request for fee waiver. Although his request was originally denied, the district court later approved the request on September 30, 2013, upon Mertens' motion for reconsideration. By this time, the forty-two day time period to file an appeal had lapsed. However, Mertens filed his amended notice of appeal soon thereafter, on October 15, 2013. Mertens took all the action he needed to take in order to effectuate a timely appeal from the July 2, 2013, estate closing order when originally attempting to file his appeal. His notice of appeal was not actually filed within the forty-two day time limit of I.R.C.P. 83(e) only because of the delay in approving Mertens' request for the fee waiver. Under the circumstances, the notice of appeal was timely from the July 2, 2013, estate closing order. *See Baker v. State*, 142 Idaho 411, 418-19, 128 P.3d 948, 955-56 (Ct. App. 2005).

3

Therefore, the district court erred in determining that it was without jurisdiction to consider Mertens' amended notice of appeal.

## III.

## ATTORNEY FEES

The estate requests attorney fees and costs on appeal pursuant to Idaho Appellate Rule 41 and Idaho Code § 12-121. Attorney fees may be granted to the prevailing party under I.C. § 12-121 and I.A.R. 41. The estate is not the prevailing party on this appeal and therefore, not entitled to attorney fees.

## IV.

## CONCLUSION

The district court erred in determining that Mertens' appeal was untimely. Accordingly, we reverse the district court's order dismissing Mertens' amended notice of appeal and we remand to the district court for proceedings consistent with this opinion.[3] No costs or attorney fees are awarded on appeal.

Judge LANSING and Judge GUTIERREZ **CONCUR.**

---

[3] We express no opinion as to the scope of the issues which may be entertained on appeal to the district court or the merits thereof.

4