**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 39543**

| | | |
|---|---|---|
| **MICHAEL T. HAYES, SR.,** | ) | 2013 Unpublished Opinion No. 402 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: March 15, 2013 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| **STATE OF IDAHO,** | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Shoshone County. Hon. Fred M. Gibler, District Judge.

Order of the district court denying motion to reconsider order denying petition for post-conviction relief, <u>affirmed</u>.

Nevin, Benjamin, McKay & Bartlett LLP; Robyn A. Fyffe, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.
_____

GRATTON, Judge

Michael T. Hayes, Sr. appeals from the district court's order denying his motion to reconsider the denial of his post-conviction petition. For the reasons set forth below, we affirm.

**I.**

**FACTS AND PROCEDURE**

Hayes was charged with one count of lewd conduct with a minor under the age of sixteen, Idaho Code § 18-1508, two counts of providing alcohol to a minor, I.C. § 23-603, and one count of providing tobacco to a minor, I.C. § 39-5705. These charges arose after authorities were informed that Hayes was involved in a sexual relationship with a victim who was fifteen years old. The victim first told police that she was sexually abused by her stepfather. Later, the victim changed her account and claimed that she was sexually involved with Hayes.

A jury found Hayes guilty of all charges. The district court imposed a unified term of forty years with twenty years determinate for the lewd conduct conviction and concurrent unified

1

terms of six months for two counts of dispensing alcohol to a minor along with one count of distributing tobacco to a minor. Hayes appealed the judgment of conviction and this Court affirmed in *State v. Hayes*, Docket Nos. 30574 and 30591 (Ct. App. Jan. 19, 2006) (unpublished).

Subsequently, Hayes filed a motion for a new trial based on newly discovered evidence. The district court denied his motion and he appealed. This Court affirmed the district court's decision in *State v. Hayes*, Docket No. 35482 (Ct. App. Feb. 17, 2010) (unpublished). Prior to the determination of his motion for new trial, Hayes filed a pro se petition for post-conviction relief. The matter was stayed pending the outcome of Hayes' motion for a new trial. After the motion was denied, the district court appointed post-conviction counsel who amended Hayes' petition. Following the appointment of counsel, however, Hayes continued to file pro se motions.

On April 21, 2009, the district court conducted an evidentiary hearing on Hayes' petition for post-conviction relief. During the hearing, Hayes notified the court that the Idaho Department of Correction (IDOC) took away his legal materials during transport and failed to return them to him. Hayes asserted that the legal materials included several exhibits he intended to admit as evidence during the evidentiary hearing. The district court ordered the materials returned. Hayes did not request a continuance and the hearing proceeded.

Hayes allegedly recovered his missing legal documents on May 12, 2009. Although still represented by counsel, on June 4, 2009, he provided prison authorities with a motion to augment the record with the exhibits he was missing at the time of the hearing. He also provided authorities with an affidavit that contained, as attachments, the exhibits he wanted the district court to consider. The motion, with the accompanying affidavit and exhibits, did not get filed until June 10, 2009. However, one day prior, on June 9, 2009, the district court denied post-conviction relief.

On June 16, 2009, Hayes filed a notice of appeal. On July 17, 2009, he filed with the district court a pro se motion to reconsider the denial of his post-conviction petition, arguing that the court was unable to consider his exhibits as they were not filed until the day after the court's order denying relief. The district court did not rule on the motion because the motion was never noticed for hearing.

2

On appeal from the order denying post-conviction relief, Hayes asserted several arguments, including that the district court erred in failing to rule on his motion to reconsider. This Court affirmed the district court's denial of Hayes' post-conviction petition in *Hayes v. State*, Docket No. 36637 (Ct. App. Apr. 22, 2011) (unpublished), but did not address the district court's failure to rule on the motion to reconsider because the district court had not made an adverse ruling. Thereafter, Hayes filed a motion to expedite ruling on his motion to reconsider with the district court. The district court denied the motion. Hayes timely appeals.

## II.

## ANALYSIS

Hayes claims that the district court abused its discretion when it failed to reconsider the denial of his post-conviction petition. The decision to grant or deny a request for reconsideration generally rests in the sound discretion of the trial court. *Campbell v. Reagan*, 144 Idaho 254, 258, 159 P.3d 891, 895 (2007); *Carnell v. Barker Management, Inc.*, 137 Idaho 322, 329, 48 P.3d 651, 658 (2002). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine: (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether the court reached its decision by an exercise of reason. *Sun Valley Shopping Center, Inc. v. Idaho Power Co.*, 119 Idaho 87, 94, 803 P.2d 993, 1000 (1991).

In the instant case, Hayes filed a motion to reconsider the denial of his post-conviction petition pursuant to Idaho Rule of Civil Procedure 60(b)(6). Rule 60(b) reads, in pertinent part, the "court may relieve a party . . . from a final judgment, order, or proceeding for . . . any other reason justifying relief from the operation of judgment." The legal standard for deciding a motion for reconsideration pursuant to Rule 60(b)(6) is whether Hayes demonstrated a unique and compelling circumstance justifying relief. *Eby v. State*, 148 Idaho 731, 736, 228 P.3d 998, 1003 (2010); *In re Estate of Bagley*, 117 Idaho 1091, 1093, 793 P.2d 1263, 1265 (Ct. App. 1990). The motion also cannot be a disguised substitute for a timely appeal. *Bagley*, 117 Idaho at 1093, 793 P.2d at 1265.

Here, Hayes contends that he had unique and compelling circumstances because IDOC deprived him of his legal materials, resulting in his inability to provide the district court with

exhibits necessary to support his post-conviction petition.[1]  Hayes provided the district court with exhibits marked 5-16 to support his petition.  However on this appeal, Hayes only argues that exhibits 5-7 would have supported his post-conviction petition.  Exhibit 5 contains three documents:  (1) a medical report describing a medical procedure Hayes underwent prior to his criminal trial; (2) an order by the district court continuing his criminal trial; and (3) receipts indicating that Hayes purchased prescription medications prior to trial, during trial, and after trial.  Exhibit 6 contains five documents:  (1) a letter from one of Hayes' defense attorneys responding to an inquiry from the Idaho State Bar;[2] (2) three lab reports, dated prior to the lewd conduct allegations, indicating that Hayes did not have Hepatitis C; (3) one lab report obtained pursuant to a detention warrant indicating that Hayes did not have Hepatitis C; (4) the warrant of detention; and (5) a portion of Hayes' criminal trial transcript where the prosecutor argues that Hayes' Hepatitis C status was unknown.  Exhibit 7 is Hayes' witness list.

Hayes contends that these exhibits supported three claims from his post-conviction petition:  (1) that his defense counsel provided ineffective assistance for failing to establish that he did not have Hepatitis C; (2) that the prosecutor committed misconduct by arguing that it was unknown whether Hayes had Hepatitis C when the prosecutor was aware of test results indicating that Hayes did not have Hepatitis C; (3) that defense counsel was ineffective for failing to move to continue the trial when he knew Hayes was incapacitated due to medication.

---

[1]     Hayes also asserts that his due process rights were violated because he did not have a meaningful opportunity to present his argument to the district court as he was deprived of his legal materials during the evidentiary hearing.  However, the district court considered Hayes' exhibits when denying his motion to reconsider and concluded that the exhibits would not have altered the denial of his petition.  Further, we now consider the exhibits in this appeal. Therefore, Hayes has had the opportunity to present his argument and evidence to the court; thus, his due process claim will not be further addressed.

[2]     Hayes was charged with crimes in Shoshone County and Kootenai County.  The cases were joined for trial because they involved the same victim.  Hayes had two attorneys representing him:  one from Shoshone County and one from Kootenai County.  Hayes was convicted of crimes in both counties; however, he was granted a new trial in the Kootenai County case and the prosecution eventually dropped those charges.  Therefore, the Shoshone County case is the subject of this post-conviction appeal.  The attorney who responded to the inquiries by the Idaho State Bar was Hayes' attorney in the Kootenai County case.

As these exhibits were not provided to the district court prior to its ruling, Hayes asserts that he was unable to fully present his argument, and thus, unique and compelling circumstances exist.

In denying his motion to reconsider, the district court found that Hayes did not "make a showing of unique and compelling circumstances justifying the relief sought." The district court found that Hayes knew of the exhibits prior to his evidentiary hearing, yet failed to continue the hearing so he could present the exhibits. Further, the district court found that Hayes' motion to augment was not timely. Alternatively, the district court found that "[e]ven if the evidence submitted by Hayes is considered, Hayes is not entitled to the relief he seeks." The district court considered the exhibits and found that none of them would alter the court's decision to deny post-conviction relief.

We determine that the district court did not abuse its discretion in finding that the exhibits would not have altered its decision to deny post-conviction relief. Hayes claims that exhibits 6 and 7 support his claim that defense counsel was ineffective for failing to establish his Hepatitis C status. Hayes argues that the lab reports and the witness list demonstrate that defense counsel knew Hayes had been independently tested for Hepatitis C. Hayes also contends that the letter to the Idaho State Bar proves that the independent test results were not admitted at trial because defense counsel failed to subpoena the doctor who would have provided the necessary foundational testimony.

Even considering Hayes' exhibits, we conclude that evidence regarding Hayes' Hepatitis C status would not have altered the district court's ruling. First, evidence was admitted at trial indicating that Hepatitis C is transmitted through blood and very rarely transmitted through sexual contact. Nothing in Hayes' exhibits demonstrate otherwise. Therefore, the exhibits would do nothing to show that Hayes' did not have a sexual relationship with the victim. Second, evidence was admitted at trial showing that Hayes tested negative for Hepatitis C, but the test was inconclusive and indicated that Hayes needed to be retested. The lab results in exhibit 6 have similar results, stating, "retesting may be indicated" and "[t]his result does not preclude previous exposure or infection." Therefore, exhibit 6 would not have provided any evidentiary value to his criminal trial that was not already established. Third, the lab results in

5

exhibit 6 are all dated prior to the sexual allegations.[3]  Therefore, the exhibit does not establish that Hayes did not have Hepatitis C at the time of his sexual conduct with the victim, only that he tested negative to Hepatitis C in the years prior to the allegations.  Based on the foregoing, we conclude that Hayes' exhibits do not alter the evidence regarding his Hepatitis C status that was established at trial.  As we held in Hayes' appeal, "the district court did not err in dismissing Hayes's claim that his counsel was ineffective for failing to submit additional evidence at trial showing that Hayes was not Hepatitis C positive because the decision was strategic and Hayes failed to demonstrate that his attorney's performance was deficient."  *Hayes v. State*, Docket No. 36637.

In his appellate brief, Hayes contends that the Hepatitis C information submitted to the court "demonstrated far more than that Mr. Hayes did not have Hepatitis C."  In essence, Hayes asserts that the information undercuts the determination that the failure to submit additional information at trial regarding Hepatitis C was strategic, because the information discredits the trial attorneys' testimony.  First, Hayes notes that Kootenai County counsel testified that Hayes did not request additional testing and that counsel saw no need for it.  However, Hayes points to the attorney's response to the Idaho State Bar that indicates Hayes had lab results after being charged, and that the attorney did not subpoena any foundational witness.  This information does not contradict the testimony that Hayes did not request a lab report from counsel.  Nor is the fact that counsel did not subpoena a witness regarding the lab report inconsistent with his testimony that he saw no need for additional testing.  Second, Hayes argues that Shoshone County counsel testified that Hayes refused to provide names of physicians to testify that he did not have Hepatitis C.  Hayes points to proposed exhibit 7 which is a witness list that names Dr. Deb Elliot-Pearson signed by Shoshone County counsel.  In addition, Hayes notes that on lab reports in exhibit 6 are the initials "DEP."  Counsel's testimony regarding Hayes' refusal to provide information is not time specific and we note from exhibit 7 that Hayes faxed his witness list to counsel on March 31, 2003, a mere two weeks in advance of the scheduled April 14, 2003, trial.  Moreover, Hayes provided no information to counsel about the anticipated testimony of the proposed witnesses.  Hayes now implies that counsel should have known of the purpose of

---

[3]     The lab results in exhibit 6 are dated August 11, 1997, October 2, 2000, and July 10, 2001.  The alleged sexual conduct started in June 2002.

testimony from Dr. Deb Elliott-Pearson by making the connection between her name on the list of witnesses and the "DEP" on lab reports. Contrary to the present claim by Hayes that he provided information to counsel, Shoshone County counsel later submitted a witness list, included in exhibit 7, which stated:

> In supplying this list of witnesses, counsel informs the trial judge that because the defendant has completely refused to cooperate with Shoshone counsel, that Shoshone counsel has no knowledge regarding which witnesses are of greater importance than others, rather Shoshone counsel merely blindly repeats the entire list so that to the extent any person so named testifies as a witness relative to the Kootenai case, the testimony of that person can also be considered in the Shoshone case.

Next, Hayes argues that the Hepatitis C issue was in fact raised at trial and submits that it was simply inadequately supported as opposed to being omitted as a strategy decision. However, counsel did not testify that the strategic decision was to keep the issue out of the trial completely. Counsel testified that the available information was that Hepatitis C was not likely transmitted through sexual contact and, therefore, was of limited importance to the question of whether Hayes had sex with the victim. Submitting a series of negative tests and witness foundation, therefore, would not change that fact. Counsel also testified that the matter was discussed with Hayes and that "Hayes agreed, as a matter of strategy, that pursuing the issue would be fruitless." Hayes now contends that counsel made the "risky choice" of relying on the detective regarding the lab test, who noted from the report that "retesting may be indicated" as exposure cannot be ruled out. Hayes claims that the testimony failed to definitively prove that he did not have Hepatitis C and that the additional test results and associated testimony would have been definitive on the issue. First, definitive proof that Hayes never had Hepatitis C would still not change the fact that it does not prove that he did not have sex with the victim. Second, the lab reports in exhibit 6 are consistent with the information submitted at trial in that retesting is suggested as results do not preclude exposure. Contrary to Hayes' assertion, the exhibits do not undercut the district court's or this Court's conclusion that the failure to submit additional evidence at trial showing that Hayes was not Hepatitis C positive was strategic.

Hayes further claims that exhibits 6 and 7 support his claim that the prosecutor committed misconduct by arguing, without a good faith basis, that Hayes' Hepatitis C status was unknown. As discussed above, consistent with the trial evidence, the lab results in exhibit 6 suggest that retesting may be necessary as exposure cannot be ruled out and, thus, do not indicate

7

that Hayes conclusively did not have Hepatitis C at the time the allegations occurred. Further, Hayes provided no proof at the evidentiary hearing, in his motion to augment, or in his motion to reconsider that the prosecutor knew of the three lab reports dated prior to the allegations. Even if the prosecutor was aware of the prior lab reports, as noted, the lab reports contained similar information as to the lab report that was testified to at trial. The prosecutor's argument to the jury was consistent with the information admitted at trial and was consistent with the information in the lab reports in exhibit 6. Therefore, Hayes' exhibits would not have altered the district court's decision.

Hayes also claims that exhibit 5 supports his claim that his defense counsel provided ineffective assistance by failing to file a motion to continue his criminal trial. Hayes contends that exhibit 5 would have altered the district court's decision by demonstrating that his defense counsel should have known that Hayes was incapacitated due to his medication, and therefore should have requested a continuance. The district court found the exhibit would not have altered its decision:

> Whether Hayes was taking medication was not an issue. The issue was whether his attorneys were deficient in not requesting a continuance because of his medical condition. Consideration of exhibit 5 does not change the fact that Hayes's attorneys, and the court, did not notice any problems from . . . his medication.[4]

We agree with the district court. Prescription receipts and medical reports do not show that Hayes' defense counsel was ineffective in any way. Hayes provides no evidence or argument demonstrating that defense counsel was aware of his alleged incapacitated state or the influence the prescription drugs had on him. Therefore, the exhibits would not have altered the district court's decision as to this issue.

Based on the foregoing, we determine that the district court acted within the boundaries of its discretion and consistently with applicable legal standards in denying Hayes' motion for

---

[4] In denying Hayes' post-conviction petition, the district court found that defense counsel was not ineffective for failing to request a continuance. The district court stated:

> [Hayes' attorneys] were credible in their testimony that they observed no such problems and that Hayes never told them he had any such problems. I would also note that as the judge who presided over the trial I recall no instances of the appearance of Hayes being unable to concentrate or appearances that he was unable to participate. Had I observed the same I would have brought it to the attention of the parties.

reconsideration. The district court properly found no unique and compelling circumstance to warrant reconsideration. Further, the district court exercised reason in denying the motion for reconsideration. Therefore, Hayes has not demonstrated that the district court abused its discretion.

## III.

## CONCLUSION

The district court did not abuse its discretion when it denied Hayes' motion to reconsider pursuant to I.R.C.P. 60(b)(6). The district court's order denying Hayes' motion to reconsider is affirmed.

Chief Judge GUTIERREZ and Judge MELANSON **CONCUR.**